WILLIAM FENWICK *vs.* THE STATE OF MARYLAND.

*Criminal law—Evidence—Competency of an Accused party to Testify as to his Intent.*

A person on trial for an assault with intent to murder, is competent to testify as to the purpose for which he procured the instrument with which he committed the assault.

APPEAL from the Circuit Court for Charles County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Daniel R. Magruder,* for the appellant.

A party doing an act which is criminal or otherwise according to the intent or purpose with which it was committed, will, if a competent witness, be allowed to testify as to what was his actual purpose in doing the act. *Roddy vs. Finnegan,* 43 *Md.,* 490; 1 *Wharton's Ev.,* 482; 2 *Wharton's Evidence,* 955; *Hale vs. Taylor,* 45 *N. H.,* 405-6-7; *Fisk vs. Inhabitants of Chester,* 8 *Gray,* 506; *Lombard vs. Oliver and others,* 7 *Allen,* 155-7; *Norris vs. Morrill,* 40 *N. H.,* 395, 401-2; *Wheelden vs. Wilson,* 44 *Maine,* 1-18; *Thurston vs. Cornell,* 38 *N. Y.,* 281, 287; *Kerrains vs. People,* 60 *N. Y.,* 221; *Babcock vs. People,* 15 *Hun,* 347; *Greer vs. The State,* 53 *Ind.,* 420; *White vs. The State, Id.,* 595; *People vs. Farrell,* 31 *Cal.,* 576, 582; *State of Nevada vs. Harrington,* 12 *Nevada,* 125, 137; *Thacher and Wife vs. Phinney,* 7 *Allen,* 146-9.

*L. Allison Wilmer, State's Attorney for Charles County,* and *Charles B. Roberts, Attorney-General,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellant was convicted in the Circuit Court for Charles County of an assault with intent to murder, and the only question which seems to have come before this Court by regular procedure, is presented by the bill of exception, from which it appears that the State gave evidence tending to prove that the prisoner, the prosecuting witness and others, were in the yard of the prisoner's house with an officer, who was about to take a hog from the prisoner under a writ of replevin sued out by the prosecuting witness; that the prisoner left the yard for an axe, with which, as he returned, he struck the prosecuting witness; that before going for the axe, the prisoner said that the prosecuting witness should never take the hog away alive, or that he would kill the hog before it should be thus taken. The prisoner also gave evidence tending to prove that he struck the prosecuting witness with the axe to prevent said witness from shooting him, the prisoner. The prisoner was then asked: "For what purpose did you go to get the axe?" the counsel for the defence stating that they wanted to show that the accused went to get the axe for the purpose of killing the hog. Upon objection by the State, the Circuit Court refused to allow this inquiry to be answered, and the propriety of this ruling is the sole question presented by this record for determination.

The appellant was charged with having committed an assault with intent to murder. The intent was therefore a material fact set forth in the indictment. It seems to be almost unnecessary to intimate, that if an assault is committed in hot blood, by sudden impulse, and without apparent premeditation, there can be no conviction on a count charging an assault with intent to murder. This is an elementary principle, recognized by all Courts, and enunciated by all writers on criminal jurisprudence. Now if the prisoner went for the axe with an intent to kill the

Fenwick *vs.* State.

hog, he did not, at that particular time, have an intent to murder the prosecuting witness. It was therefore material to ascertain with what intent the party on trial went to procure the deadly weapon with which the assault was subsequently committed. Although evidence could, therefore, properly be offered for the purpose of showing the intent, it is manifest, that anterior to the enactment of the statutes conferring on parties the privilege of testifying in their own behalf, the only proof of intent was such as could be inferentially derived from facts and circumstances. It is certain that no other person could swear positively in regard to the particular intent entertained by the accused on the occasion mentioned, and it is equally as certain that the accused could, if truthfully inclined, swear positively to that intent. As far as competency was concerned, the prisoner occupied the same position as any other witness; and as he knew the fact, and the fact was material and pertinent to the issue, his testimony ought not to be excluded.

The sole question for the Circuit Court to determine was the competency of the witness. The Court could not properly exclude the testimony; and it is hardly necessary to observe that a Court does not, by allowing a prisoner to testify, in the slightest degree endorse his credibility. The policy of the law places him in the position of a witness. The policy of the law also seeks to place intelligent men of strict integrity in the position of jurors, and when impanelled, it is for them, and them alone, to determine whether they will believe a prisoner testifying in his own behalf.

As already intimated, there seems to be no sound reason for the exclusion of such testimony where the intent is material to the determination of the question involved, and the witness necessarily has knowledge of such intent; and no case can be cited where such testimony has been excluded when the witness, competent to testify in the

cause, is from his peculiar position cognizant of the intent, and that intent is directly pertinent to the issue.

In *Fisk vs. Inhabitants of Chester*, 8 *Gray*, 508, the Supreme Court of Massachusetts said:

"Before parties were made competent witnesses, it was the practice to prove their intent by a variety of circumstances, because no man can know the secret purposes of another's heart, except himself. But now that parties are made competent witnesses, it necessarily follows that they may testify to any facts material to the issue."

This seems to be, and certainly ought to be, the settled doctrine in all Courts where the disability imposed by the common law has been removed by statutory provisions enabling parties to testify in their own behalf. *Roddy vs. Finnegan*, 43 *Md.*, 501; *Lombard vs. Oliver, et al.*, 7 *Allen*, 155.

The Circuit Court, therefore, erred by excluding the testimony offered as set forth in the bill of exception contained in this record, and because of this error its ruling should be reversed.

*Ruling reversed, and*
*new trial awarded.*

(Decided 11th March, 1885.)