# JOHN JENKINS *vs.* THE STATE OF MARYLAND.

*Assault with intent to kill—Evidence.*

Upon the trial of an indictment for an assault with intent to kill, it is not competent, on cross-examination, to ask the prosecuting witness, upon whom the assault was made, whether he had not, within a year, pointed a weapon at a third party with the intention of shooting him.

Where there is no evidence of any hostile demonstration against the traverser at the time of the assault, but his sole reliance for a justification of the attack is that on the preceding day the prosecuting witness uttered threats against him, he cannot be asked what interpretation he put upon the language then used by the prosecuting witness.

Appeal from the Circuit Court for Montgomery County.

The case is stated in the opinion of the Court.

The cause was argued before BOBINSON, C. J., BRYAN, McSHERRY, BRISCOE and BOYD, JJ.

*Thos. Anderson* and *Wm. Veirs Bouic, Jr.,* for the appellant.

*John Prentiss Poe, Attorney General,* for the appellee, cited: *Gaither* v. *Blowers,* 11 Md. 552; *Turpin* v. *State,* 55 Md 473–5; *Spencer's case,* 69 Md. 47; *Fenwick's case,* 63 Md 241.

*Edward C. Peter, State's Attorney for Montgomery County,* filed a brief for the appellee.

The record in this case does not disclose any testimony tending to prove that Jenkins acted in self-defense when he assaulted and shot Smith, and in the absence of such evidence it was clearly inadmissible for the traverser to prove that Smith was a violent and dangerous man, or that he had the day previous to the assault made threats against Jenkins. *Turpin* v. *State,* 55 Md. 463 ; *Am. and Eng. Enc. of Law,* Vol. 9, 672 and 683 ; *Wharton's Crim. Ev.,* 8th Ed., 69 and 657.

If this had been a case in which the character of Smith would have been competent evidence, the traverser would have been confined to proof of Smith's general reputation as a violent and dangerous man, and evidence of specific acts of violence toward a third person would have been excluded. *State* v. *Elkins,* 63 Mo. 165 ; *State* v. *Abarr,* 39 Iowa, 189 ; *Dupree* v. *State,* 33 Ala. 388 ; *Franklin* v. *State,* 29 Ala. 20 ; *State* v. *Rosalana Duse,* 103 N. Y. 655 ; *Eggler* v. *State,* 56 N. Y. 342 ; *Thomas* v. *State,* 67 N. Y. 218 ; *Nicholls* v. *State,* 23 Hun. 156 ; *Alexander* v. *State,* 105 Pa. St., 1.

The traverser was allowed the greatest latitude in presenting to the jury evidence of all that transpired in the difficulty that occurred between him and Smith the day previous to the shooting, and the remark then made by Smith, " I have your age in my pocket," accompanied with the gesture of putting his hand to his hip pocket had no uncertain or ambiguous meaning. It was a threat, the full force of which the jury could appreciate, and it was unnecessary for their enlightenment to know what Jenkins understood Smith to mean.

BRISCOE, J., delivered the opinion of the Court.

This is an indictment in the Circuit Court for Montgomery County, for assault with intent to kill. The traverser was convicted and sentenced to an imprisonment of five years in

the penitentiary.  At the trial he reserved two bills of exceptions to the rulings of the Court upon the admissibility of testimony and these form the basis of this appeal.  In the first bill of exception, it is stated that the traverser after having proved that Smith, the party upon whom the assault was made, was a dangerous man and had been tried and convicted on several occasions of various offenses, asked him on cross-examination, " if he had not within the last year leveled his gun on Mr. Wm. Barlow Vincent with the intention of shooting him," offering at the time to follow it up by showing that the traverser at the time of the shooting had knowledge of Smith's act.  The alleged purpose being to show to the jury that the traverser knew that he was dealing with a dangerous man, who had the day previous drawn his revolver upon him and threatened to kill him.

This proposed testimony was entirely irrelevant and was properly excluded by the Court.  The witness was not bound to answer the question put to him, because the answer manifestly tended to criminate himself.  But independent of this, the fact that Smith, the prosecuting witness, had pointed a gun at a third party on a former occasion, would not justify the traverser for assaulting Smith.  Nor would it tend to reduce the offence to a common assault or entitle the party to an acquittal.  Specific acts of violence were not admissible.  The general reputation of the party assaulted as a dangerous man had been introduced and was before the jury.  *Gaither* v. *Blowers,* 11 Md. 553.

The second exception of the appellant was to the refusal of the Court to allow the prisoner to give in evidence what he understood Smith, the prosecuting witness, to mean by the words, " I have your age in my pocket," in connection with his act of immediately placing his hand in his hip pocket the day before the shooting, while at the traverser's brother's house.  The object of the question was stated .at the time to place in evidence before the jury, that the traverser knew by said declaration and act, that Smith intended to kill him, and that it was owing to this understanding and belief that

induced to say, when he saw Smith coming, that he would have to shoot him rather than let him shoot the traverser. The rule as to the admissibility of such evidence is stated by this Court in the case of *Turpin* v. *The State*, 55 Md. 475 to be, " that unless proof be first given that there was an overt act of attack, and that the defendant at the time of the collision was in apparent imminent danger, such evidence is inadmissible." In the case now under consideration there was no proof given of any overt act of attack, nor any evidence that the appellant was at the time of the shooting in any apparent imminent danger. On the contrary, it is obvious from the testimony that the shooting was premeditated and without provocation. There was no proof of any hostile demonstration on the part of the prosecuting witness on the occasion of the shooting, but the sole reliance of the defence for a justification being alleged threats on the day preceding the assault. It was entirely competent for the traverser to testify as to his intent, and that was in evidence. The intent was a necessary allegation in the indictment and a fact material to the issue. *Roddy* v. *Finnegan*, 43 Md. 501 ; *Spencer* v. *State*, 69 Md. 46 ; *Fenwick* v. *State*, 63 Md. 239. The traverser had the benefit of this, and it was for the jury to pass upon its credibility.

It was also in evidence that the prosecuting witness had said to the traverser that " I have your age in my pocket," and that the traverser had told " Long Tom " Jenkins that he would have to shoot Smith. Jenkins remonstated with him, but the traverser replied, " I might as well shoot him as to have him shoot me." In the face of this testimony, it is clear that the evidence offered in the second bill of exception was inadmissible. There is no evidence in the record tending to show that the traverser acted in self-defense when he made the assault. He had the benefit of all the evidence he was legally entitled to, and there being no error in the rulings of the Court, they will be affirmed.

*Judgment affirmed and cause remanded.*

(Decided November 22d, 1894.)