# BASS *v.* UNITED STATES.

CRIMINAL LAW; FRAUD ON THE POSTAL SERVICE; INDICTMENT; CONSOLI-
DATION OF CRIMINAL CAUSES; BILL OF PARTICULARS; EVIDENCE;
CRIMINAL INTENT; HEARSAY TESTIMONY; DOCUMENTARY EVIDENCE.

1. Where an indictment under Sec. 5480, R. S. U. S., making it a penal
   offense to defraud or attempt to defraud by means of the postal
   service, and permitting an indictment thereunder to severally
   charge offenses to the number of three when committed within the
   same six calendar months, contains three counts, but it appears
   from an inspection of the whole indictment that the three offenses
   charged were not committed within the same six calendar months,
   a demurrer thereto should be sustained; and if the demurrer is
   overruled, an announcement by the prosecuting officer that he
   will not press for a conviction on the first count, cannot relate
   back to the demurrer and thereby cure the error in the indict-
   ment, but a *nolle pros.* on the first count should have been entered
   prior to the overruling of the demurrer, which would have cured
   the defect in the indictment.
2. The refusal of the trial court in a criminal prosecution to grant
   a motion by the defendant for a bill of particulars is not review-
   able on appeal.
3. It is error for the trial court to order the consolidation of two
   criminal prosecutions under Sec. 5480, R. S. U. S., where the sev-
   eral counts of the indictments present three offenses not committed
   within the same six calendar months, as such consolidation will,
   under the statute, put all of the counts contained in the two
   indictments in the same category as if they were separate counts
   of one indictment.
4. In a criminal prosecution under Sec. 5480, R. S. U. S., wherein the
   defendant is charged with attempting to defraud in the organiza-
   tion and manipulation of associations to provide places for un-
   employed teachers, it is not error for the trial court to permit a
   witness for the prosecution, who was the secretary of one of
   such institutions, of which the defendant was the proprietor, to
   answer the question "From what sources were most of these
   vacancies procured?", where the object is to show that news-
   paper clippings, no matter how old, were used by the defendant

as one of the sources by which he was to provide information to those who had joined one of the institutions.

5. In such prosecution, it is error for the trial court to permit one of the witnesses for the prosecution to be asked whether she knew anything about a large quantity of mail that was carried down to South Carolina or down to a hotel to be mailed in South Carolina, although the fact sought to be shown might have been a good ground for another indictment in South Carolina, the charge of a crime committed in another jurisdiction having no materiality in a prosecution for another crime in this jurisdiction; nor does the fact that Sec. 5480, R. S. U. S., upon which such prosecution is based, provides that the trial court shall proportion the punishment to the degree in which the abuse of the post-office establishment enters as an instrument into such fraudulent scheme and device, justify the trial court in admitting such evidence.

6. And an answer to such question by the witness to the effect that some of the family told her that the defendant was taking the mail more to help his mother's post-office and that she did not know whether she was told this in the defendant's presence or not, should be stricken out.

7. In a prosecution under Sec. 5480, R. S. U. S., the sole question in issue is as to the defendant's intent to defraud by means of the postal service, and it is error to allow a witness for the prosecution, whom it is claimed the defendant defrauded, to answer questions about her father's and her financial condition, the question of whether the witness was in such a condition through poverty or family distress as would render her easily deceived, having no relevancy.

8. In such a prosecution, where the Government seeks to show that the defendant fraudulently offered to provide places for unemployed teachers, it is error for the trial court to permit witnesses for the prosecution who had received from the defendant notices of the existence of vacancies in certain schools, to produce and read in evidence replies to letters which they had written to such schools in reference to the alleged vacancies, in the absence of any attempt to show the genuineness of the handwriting of or signatures to such replies.

9. Nor would such letters be admissible in evidence even if proven to be authentic, although it would have been competent to show by the writers of such letters that there were no such vacancies, thereby reflecting on the good faith of the defendant, the admissions of a third person not being receivable in evidence against a party who has not expressly referred another to him for information in regard to an uncertain or disputed matter.

10. In such a prosecution, questions propounded a former employee of the defendant whose duty it was to send out notices of vacancies, as to the purpose for which they were sent out by the defendant's agency, and whether in sending them out she ever knowingly misrepresented facts, or without having before her information as to the existence of such vacancies, are competent as reflecting upon the defendant's intent in the conduct of his business.

11. Where in a criminal prosecution, the prosecution offers in evidence parts of a conversation between one of its witnesses and the defendant, it is competent for the defendant, upon cross-examination of witness, to bring out the entire conversation.

12. It is error for the trial court in a criminal prosecution wherein the defendant is charged with fraud in the use of the United States mails, after admitting in evidence certain letters received by the defendant from third persons as tending to throw light upon the scheme of the defendant and as to what he did in connection therewith, to refuse to allow him to read the letters to the jury on the ground that they are not evidence of the facts therein stated.

13. Where documents are admitted in evidence on behalf of the prosecution in a criminal cause and they are not such as are required by law to be kept in the custody of some particular person, they should be left in the custody of the clerk of the court pending the trial, especially if the defendant so requests.

No. 1135.  Submitted February 20, 1902.  Decided June 4, 1902.

HEARING on an appeal by the defendant, who was convicted and sentenced by the Supreme Court of the District of Columbia, upon two indictments for violation of section 5480 of the Revised Statutes of the United States.

*Reversed.*

The facts are sufficiently stated in the opinion.

*Messrs. Douglass & Douglass* and *Leckie & Fulton* for the appellant.

*Mr. Ashley M. Gould,* United States Attorney for the District of Columbia, and *Mr. Thomas C. Taylor* and *Mr. Harry Bingham,* Assistants, for the United States:

1. The record shows that the Government elected to try the defendant upon the second and third counts of indict-

ment No. 22,871. This election to try the defendant upon the two counts named operated as an abandonment or a *nolle prosequi* of the first count of said indictment. 10 Encyc. Pl. & Pr. (2d ed.) 553; *State* v. *Sorrell,* 98 N. C. 738; *State* v. *Buck et al.,* 59 Iowa, 382. It is manifest that the contention of the appellant as to the validity of this indictment is not tenable. *Com.* v. *Adams,* 127 Mass. 18. The suggestion of counsel for appellant that " the first count is either in or it is out. If it is in, it is in for all purposes so far as the question of pleading is concerned; if it is out, it is out for all purposes of pleading," is erroneous. It is a well-known principle of criminal pleading that a first count in an indictment, though abandoned by the prosecution, or bad or defective, or though the defendant be acquitted thereon, *remains in the indictment,* and a subsequent count may be sustained even though it refers to a first count for some allegations and without repeating them. Wharton Cr. Pl. & Pr. (9th ed.), p. 207, Sec. 299; Bishop Cr. Proc., p. 265, Sec. 431; *Blitz* v. *United States,* 153 U. S. 308; *Crane* v. *United States,* 162 U. S. 625.

2. The court in ordering the consolidation of these two indictments acted under the authority it possessed at common law to consolidate two or more indictments charging misdemeanors, and exercised the authority expressly conferred upon it by section 1024, Revised Statutes of the United States. *United States* v. *Nye,* 4 Fed. Rep. 888; *Howard* v. *United States,* 75 Fed. Rep. 996; *Ex parte Hibbs,* 26 Fed. Rep. 427; *In re Haynes,* 30 Fed. Rep. 771.

Mr. Justice CLABAUGH, of the Supreme Court of the District of Columbia (who sat with the court in the hearing of this cause in the absence of Mr. Chief Justice ALVEY), delivered the opinion of the Court:

The appellant, Liston D. Bass, was indicted in the Supreme Court of the District of Columbia, holding a criminal term, for the violation of section 5480 of the Revised Statutes of the United States.

This section inhibits the use of the Post-Office establishment of the United States to carry out a scheme or artifice to defraud. Indictment No. 22,871 charges the appellant with devising a scheme or artifice to defraud in the organization and manipulation of what was called a "Bureau of Civil Service Instruction," while indictment No. 22,872 charges the appellant with a like device or artifice through the organization and exploitation of a "Union Teachers' Agency of America." The first indictment contains three counts and charges that the appellant used the United States mails by writing and mailing letters to persons named therein, in furtherance and in execution of his scheme to defraud.

The first count charges the writing and mailing of a letter to a certain Laura Bell, in Fredericksburg, State of Virginia, on March 27, 1899; the second count alleges the writing and mailing of a letter to H. P. Briggs, East Radford, Virginia, dated September 30, 1899; and the third count contains a like charge as to a letter mailed to one Richard C. Stratten, at Philadelphia, Pennsylvania, dated December 30, 1899.

The second indictment embraces but one count, and the charge is in respect to a letter written to Miss Jennie S. Betts, at Holton, Maine, and bearing date September 22, 1898.

To each of these indictments the appellant interposed a demurrer, which being overruled, the appellant filed a motion for a bill of particulars. This was refused by the court; thereupon the appellant plead not guilty. After the demurrer to indictment No. 22,871 was overruled, the attorney for the United States announced that he would not ask for a conviction on the first count.

The attorney for the Government having moved for the consolidation of the two causes, they were consolidated by the order of the court against the protest of the appellant.

Section 5480, R. S. U. S., as amended by the act of Congress of March 2, 1889 (25 Stat. 873), under which the indictment was drawn reads as follows:

" If any person having devised or intending to devise any scheme or artifice to defraud, * * * or any scheme or artifice to obtain money by or through correspondence, * * * to be effected by either opening or intending to open correspondence or communication with any person, whether resident within or outside the United States, by means of the Post-Office establishment of the United States, or by inciting such other person or any person to open communication with the person so devising or intending, shall, in and for executing such scheme or artifice or attempting so to do, place or cause to be placed, any letter, packet, writing, circular, pamphlet or advertisement in any post-office, branch post-office, or street or hotel letter-box of the United States, to be sent or delivered by the said Post-Office establishment, or shall take or receive any such therefrom, such person so misusing the Post-Office establishment shall, upon conviction, be punishable by a fine of not more than $500 and by imprisonment for not more than eighteen months, or by both such punishments, at the discretion of the court. The indictment, information, or complaint may severally charge offenses to the number of three when committed within the same six calendar months; but the court thereupon shall give a single sentence and shall proportion the punishment especially to the degree in which the abuse of the Post-Office establishment enters as an instrument into such fraudulent scheme and device."

Under this section it is manifest that three offenses may be charged in one indictment, provided they have been committed within the same six calendar months. An inspection of indictment No. 22,871, discloses the fact that the three offenses charged were not committed within the same six calendar months, and therefore, the demurrer to this indictment ought to have been sustained. The fact that after the overruling of the demurrer by the court, the attorney for the United States announced that he would not press for a conviction on the first count could not relate back to the demurrer, and thereby cure a manifest error in the indictment.

If a *nolle prosequi* on the first count had been entered prior to the overruling of the demurrer, it would have cured the defect in the indictment, and would not have affected the remaining counts, because " a reference to a previous count in an indictment, if sufficiently full to incorporate the matter going before with that in the count in which the reference is made, may be effective for that purpose, notwithstanding that the previous count is defective." *Crain* v. *United States,* 162 U. S. 625.

In this indictment we think the reference in the other counts of the indictment were sufficiently full to incorporate the matter contained in the first count.

The first exception of the appellant is based upon the refusal of the court to grant plaintiff's motion for a bill of particulars. This question has been so frequently before the courts that any lengthy discussion would seem to be unnecessary.

The appellant was charged with the devising of a scheme or artifice to defraud and effectuating said device by the use of the United States mails. The letters upon which the charge was made were set out in the indictments and must have advised the appellant of the character of the matter which he had sent through the mails and which the appellee contended was for the purpose of carrying out the scheme charged. At all events the learned justice before whom the causes were tried, in the exercise of that discretion which the law gives, refused to grant the motion for the bill of particulars, and the exercise of that discretion is not subject to review by this court. *Rosen* v. *United States,* 161 U. S. 29.

The next exception to be considered is that taken to the order of the court consolidating the two causes for trial. Conceding for the purposes of this exception that the first count in indictment in No. 22,871 had been eliminated, the fact remains that the two remaining counts in that indictment and the single count in indictment No. 22,872 cover points of time of more than the same six calendar months. By the terms of section 5480 of the Revised Stat-

utes, it is provided " the indictment, information or complaint may severally charge offenses to the number of three when committed within the same six calendar months," etc., therefore, the question directly raised by this exception is: Can two indictments be consolidated for trial under this section of the Revised Statutes, which together present three, offenses not committed within the same six calendar months? The consolidation of the two causes was ordered by virtue of section 1024 of the Revised Statutes " which allows the joinder in one indictment of charges against a person " for two or more acts or transactions of the same class of crimes or offenses, " and the consolidation of two or more indictments found in such cases." *In re Henry,* 123 U. S. 372, Mr. Chief Justice Waite, in considering the two statutes in question, to wit: Sections 1024 and 5480 of the Revised Statutes, in the case just quoted, says: " It is indeed provided that three distinct offenses, committed within the same six months may be joined in the same indictment; but this is no more than allowing the joinder of three offenses for the purposes of a trial.  * * * Under the present statute three separate offenses, committed in the same six months, may be joined, but not more." The Supreme Court has likewise said in the case of *McElroy* v. *United States,* 164 U. S. 76, in passing upon section 1024:

" The order of consolidation under this statute put all the counts contained in the four indictments in the same category, as if they were separate counts of one indictment." It would, therefore, seem to necessarily follow, that if section 5480 permits the insertion of three counts in one indictment only, when the offenses have been committed within the same six calendar months, and under section 1024 the consolidation under this statute puts all the counts contained in the " two indictments in the same category, as if they were separate counts of one indictment," the joining in this case by the consolidation of the two indictments, of three offenses not committed within the same six months,

was error, and we, therefore, must sustain this exception of the appellant. .

Inasmuch as a new trial must be ordered in this case, we ought to notice some of the numerous exceptions filed in the evidence in the cause.

Adopting for the purpose of reference only the classification of exceptions suggested in appellant's brief, the sixth assignment of errors embraces a number of exceptions to evidence. We do not think the appellant was prejudiced in permitting the witness Daniel to answer the question: " From what source were most of these vacancies procured?" The intent to defraud is the gist of the offense, and if it could be shown that newspaper clippings, no matter how old, were used as the source, or one of the sources by, which the appellant was to provide information for those who had joined his " Union Teachers' Agency of America," the purpose of which was to provide places for unemployed teachers, this fact as to appellant's information might reflect upon the intent.

The next exception pressed by the appellant is to the question: " Do you know anything about any large quantity of mail that was carried down to South Carolina or down to the hotel to be mailed in South Carolina?" which was allowed to be answered by the court. The answer of the witness ought not to have been permitted to stand, because she states that " some of the family told her that defendant was taking the mail with him to help his mother's post-office. She did not know whether she was told this in defendant's presence or not." Even if the question was a proper one, the appellant is certainly not to be held responsible for what some one else says out of his presence. We think, however, the question itself was not pertinent to the issue. The fact sought to be shown might have been a good ground for another indictment in South Carolina, but the charge of a crime committed in another jurisdiction could hardly be offered as evidence in this cause. The learned justice, in admitting the question, based his ruling upon the fact, " That the statute provides in these cases that

the court, when it comes to pronounce sentence  *  *  *  the punishment is to be based somewhat upon the extent of the abuse of the post office. This tends to show the amount of mail matter that is prohibited by the statute that he mailed." The sentence is to be pronounced upon conviction for the crime for which the person is convicted; the appellant was tried in the District of Columbia, and proof that he was not guilty of a crime in South Carolina would not have been material or relevant; and, therefore, if the testimony was relevant for the purpose indicated by the justice, the appellant's punishment would have been intensified because of evidence to which he could not reply. We, therefore, think there was error in permitting the question and answer to stand.

The only remaining exception under this sixth assignment of error to be noticed is the court permitting the witness Lee to answer questions about her father and her financial conditions. Remembering that the sole question in issue is as to the appellant's intent to defraud, the questions excepted to are utterly immaterial and ought not to have been allowed. Did the appellant have the intent to defraud? is the question; whether he did deceive is a matter of indifference so far as it affects this case. Therefore, the contention that the question tended to show that the witness was in such a condition through poverty or family distress, as would render her easily deceived, has no possible relevancy.

The seventh assignment of error as stated by the appellant, does not seem to be seriously urged by the appellant, and we believe the rulings of the court were substantially correct, and to undertake to pass upon each individual exception would be to extend this opinion to an unwarranted extent.

The eighth assignment of error is based upon the admission by the court of letters from sundry school superintendents to the witness Bonner and to the witness Lee. These witnesses had received from the appellant notice of the existence of vacancies in certain schools; the witnesses there-

upon wrote to the schools in reference to the alleged vacancies; their replies were thereupon offered and admitted in evidence, and this action of the court is the basis of the appellant's eighth assignment of error. There appears to have been no attempt to show the genuineness of the handwriting or signatures to the letters, but the letters are offered simply as proving themselves. We think there was error in their admission for this reason, but even if the authenticity of the letters had been proven, we do not think they were admissible: "The admissions of a third person are also receivable in evidence, against the party who has *expressly referred another to him,* for information in regard to an uncertain or disputed matter." 1 Greenleaf on Evidence, 182.

In the question at issue there is no proof that the appellant expressly referred the witness to anybody, but the proof is that he sent notices to the witnesses Bonner and Lee of the existence of certain vacancies, and therefore, the rule stated by Greenleaf and relied upon by the appellee does not apply. It was entirely competent to show by the school superintendents that there were no vacancies in the schools, and thereby reflect upon the good faith of the appellant, but it should have been done by the best evidence in open court.

The ninth assignment of error involving exceptions to the testimony permitted to be given by witnesses Burns, Sheppard and Lee as to certain letters, is so similar to the question passed upon the previous assignment that no further comment need be added except to say that an additional objection lies to the ruling of the court below in that contents of letters were permitted to be given in evidence without a sufficient reason for the failure to produce the letters themselves.

The tenth assignment of errors is based among other things upon the refusal of the court to permit the witness, Daniel, who was the secretary of the Union Teachers' Agency, to state the purpose for which notice of vacancies was sent out by the Union Teachers' Agency. As has been

said, the gist of the act complained of was the intent of the appellant with which he used the United States mail. " The intent with which an act was done is often a most material fact to be ascertained. Ordinarily, it is arrived at by an inference, more or less strong, from the actions of the party and from the surrounding circumstances. * * * But it is more thoroughly settled * * * that a witness may be asked to state his intent in or motive for, doing or not doing the particular act. * * * The weight to be given this statement is for the jury." 2 Poe on Pleading and Practice, 278; *Fenwich* v. *State,* 63 Md. 239.

Therefore, the witness ought to have been permitted to state the motive in sending out the notices as reflecting upon the intent. The same witness on cross-examination was further asked: " Whether she had any reason to doubt the accuracy of information? 2d. Whether the vacancies reported by her, as secretary of the Union Teachers' Agency, were, so far as she knew, actual vacancies? 3d. Whether she ever sent out a notice of a vacancy that she did not believe was based on reliable information? 4th. Whether she ever sent out a notice of a vacancy without having before her information of. the existence of such vacancy? " Later in the examination, the witness having stated that she did not send out a single notice of vacancy that she thought was not a vacancy, the court ordered the statement to be stricken out. This witness was offered by the Government and her credibility was a proper subject of cross-examination, and inasmuch as she was the person upon whom was cast the burden of attending to this character of business of the Union Teachers' Agency, and if it could be shown that she knowingly misrepresented facts, it was a matter the jury had the right to know in passing upon her credibility. We further think that as an officer of the agency, whose peculiar duty it was to attend to this branch of the business, the question whether or not she had sent out notices of vacancies without having before her information of the existence of such vacancy, was competent as

reflecting upon the appellant's intent in the conduct of such business. We moreover think that the Government having offered in evidence, by the witness Little, parts of a conversation between him and the appellant, it was proper and competent for the appellant upon cross-examination to give the entire conversation.

The complaint made by the eleventh assignment of error is based upon the court's refusal to permit the appellant to *read* in evidence certain letters received by him tending to show that he had secured numbers of positions for teachers as reflecting upon the appellant's *bona fides,* after the letters had been *admitted* in evidence. It appears from the record that " the letters were admitted in evidence for the purpose of throwing light upon the scheme of the defendant, and as to what he did in connection therewith, but as they are not evidence of the fact therein stated, the said letters could not be read to the jury." We are constrained to think that the record cannot correctly give the exact state of the court's ruling, because it cannot be conceived how a letter can be admitted in evidence and yet not be permitted to be read to the jury. If letters are offered in evidence by the Government showing the failure of teachers to get positions, in response to notice from the appellant of vacancies existing, as reflecting upon the intent of the appellant, it would seem to be manifestly unfair to refuse to permit the appellant to read in evidence letters received from teachers who did get positions resulting from notices sent to them by the appellant. If it be competent to show bad faith by failure to get positions, it ought to be competent to show good faith by the testimony of those who did get them.

The last assignment of error which we shall notice is upon the refusal of the court to order the deposit with the clerk of the court of all papers offered in evidence by the Government. When testimony has been offered and given by either party, it has become testimony in the cause and is not in strictness, evidence belonging to either side, and, therefore, when it is in the shape of written evidence, it is

no longer for the purposes of the trial, in the keeping of the party offering it, and therefore the better practice is, certainly when it is demanded by either party, to have such written evidence placed in the custody of the clerk. We do not mean to apply this to any document or other writing, required by law to be kept in the custody of some particular person. We are, therefore, of the opinion that the written evidence, so prolific in this cause, ought to have been placed in the custody of the clerk.

For the errors indicated the judgments must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*