No. 84–5943.   THOMAS v. MARYLAND.   Ct. App. Md.   Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Maryland Court of Appeals insofar as it left undisturbed the death sentence imposed in this case.   *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).   However, even if I believed that the death penalty could constitutionally be imposed under certain circumstances, I would grant certiorari and vacate the death sentence imposed here.

To my mind, the Constitution requires that the State bear the burden of proving that a death sentence is appropriate in a given case.   In two ways, the Maryland statute precludes this allocation of the burden of proof.   First, it places on the defendant the burden of convincing the sentencer that mitigating evidence outweighs aggravating evidence, and it *requires* that a death sentence be imposed whenever aggravating factors are not outweighed. Md. Ann. Code, Art. 27, § 413(h)(1982).   The statute thereby places on the defendant the burden of proving that which is, under the existing statute, the ultimate question.

Second, by requiring that death be the sentence whenever aggravating factors are not outweighed, the statute prevents the sentencer from making what to my mind must be the ultimate inquiry: whether death is the appropriate sentence in a given defendant's case. For the reasons I stated earlier this Term in *Stebbing* v. *Maryland*, 469 U. S. 900 (1984) (dissenting from denial of certiorari), I believe that such a statute is unconstitutional, and I therefore dissent from the Court's refusal to hear this case.