503 A.2d 1326

Doris Ann FOSTER a/k/a Nuketa Leah Ansara

v.

STATE of Maryland.

Vernon Lee EVANS, Jr.

v.

STATE of Maryland.

John Norman HUFFINGTON

v.

STATE of Maryland.

Nos. 43 and 91, 66 and 98, 64 and 133, Sept. Term, 1984.
(On Motions for Reconsideration)

Court of Appeals of Maryland.

Feb. 3, 1986.

FOSTER v. STATE

Submitted to MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (Retired), specially assigned.

EVANS v. STATE

Submitted to MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and McAULIFFE, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (Retired), specially assigned.

HUFFINGTON v. STATE

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

ELDRIDGE, Judge.

In *Foster v. State,* 304 Md. 439, 499 A.2d 1236 (1985), *Evans v. State,* 304 Md. 487, 499 A.2d 1261 (1985), and *Huffington v. State,* 304 Md. 559, 500 A.2d 272 (1985), this

Court affirmed the judgments in these three capital cases, thereby upholding the imposition of death sentences upon the three defendants. The defendants Foster, Evans and Huffington, all represented by the Office of Public Defender, have now filed motions for reconsideration. The chief argument in each motion is identical, and it relates to the contention that had been made and rejected in all three cases that the Maryland capital punishment statute, in § 413(h) of Art. 27, unconstitutionally places the burden of persuasion on the defendant with regard to the weighing of aggravating and mitigating circumstances. In addition, related arguments concerning the trial courts' jury instructions are made in each motion. Finally, the defendant Evans makes an unrelated contention. Because the principal thrust of each motion is the same, we have chosen to rule upon the three motions in a single opinion.

I.

As indicated above, in these three cases the defendants had argued that Art. 27, § 413(h), violates due process principles because it "places the burden on the capital defendant 'to convince [the sentencer] that mitigating circumstances outweigh ... the aggravating circumstances'" and thus "places the ultimate burden of ... persuasion on the capital defendant...." (Foster's brief, pp. 40, 44; Evans's brief, pp. 82, 87; Huffington's brief, pp. 48, 52). Part IV C of the opinion in *Foster*, 304 Md. at 476–480, 499 A.2d 1236, flatly rejected this contention, stating that "we need not decide whether a statute imposing such a 'burden' on a capital defendant would be constitutional, for the Maryland statute, as interpreted in *Tichnell I [Tichnell v. State*, 287 Md. 695, 730, 415 A.2d 830 (1980)] and later cases, places no such burden on the defendant." We went on to point out in *Foster* that subsection (h) of § 413, while employing the "preponderance of the evidence" test, "does not specify which side has the burden of proof or of persuasion." [1]  304

---

1. Art. 27, § 413(h), provides in its entirety as follows:

Md. at 477, 499 A.2d 1236. We further took the position that just because the Legislature in § 413(h) referred in paragraph (2) to whether "mitigating circumstances do not outweigh the aggravating circumstances" and in paragraph (3) to whether "mitigating circumstances outweigh the aggravating circumstances," instead of using the reverse order or some other language, did not show a legislative intent to place any burden or risk upon the defendant. *Id.* at 477–478, 499 A.2d 1236. The Court in *Foster* then quoted from *Tichnell I* where we unequivocally held that, because it is the prosecution which is attempting to establish that the death penalty is appropriate, " 'the statute places the risk of nonpersuasion on the prosecution with respect to whether the aggravating factors outweigh the mitigating factors.' " *Id.* at 479, 499 A.2d 1236, quoting 287 Md. at 730, 415 A.2d 830. The Court in *Foster* also quoted *Trimble v. State,* 300 Md. 387, 415 n. 16, 478 A.2d 1143 (1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985), which again specifically stated that we have construed § 413(h) "to place the burden of persuasion on the prosecution" with regard to the weighing of mitigating and aggravating circumstances. Finally, we made it clear in *Foster* that we were adhering "to our prior holdings that the burden of persuasion for purposes of § 413(h) is upon the prosecution." 304 Md. at 479, 499 A.2d 1236. The *Evans* and *Huffington* opinions, in rejecting the identical argument by the defendants, simply referred to the *Foster* opinion. *See* 304 Md. at 536, 499 A.2d 1261; 304 Md. at 587, 500 A.2d 272.

---

"(h) *Weighing mitigating and aggravating circumstances.*—(1) If the court or jury finds that one or more of these mitigating circumstances exist, it shall determine whether, by a preponderance of the evidence, the mitigating circumstances outweigh the aggravating circumstances.

"(2) If it finds that the mitigating circumstances do not outweigh the aggravating circumstances, the sentence shall be death.

"(3) If it finds that the mitigating circumstances outweigh the aggravating circumstances, the sentence shall be imprisonment for life."

In the motions for reconsideration, the defendants assert that the above-described holding in the *Foster* opinion effected a change in this Court's interpretation of § 413(h), and that several earlier opinions of this Court had held that the burden is on the defendant regarding the weighing of mitigating and aggravating circumstances. The three defendants argue that this "Court's reconstruction of the plain language and decisional history of § 413(h), depriving [each] Appellant of her [or his] constitutional challenge to the statute while denying her [or him] the benefit of the reconstruction, violates the due process clause of the fourteenth amendment." (Foster's motion for reconsideration, p. 5). The defendants go on to argue that the statute "was rendered unconstitutionally vague by the Court's unprecedented reconstruction." (*Id.* at p. 6). Next, Foster, Evans and Huffington contend that the Court's "belated reconstruction of § 413(h)," when "coupled with the Court's refusal to allow [the defendants] to realize the benefit of the clarification," violated the Ex Post Facto Clause of the United States Constitution, Art. 1, § 9. (*Id.* at p. 8). Finally the defendants assert that "[s]witching the burden of proof as to aggravating and mitigating circumstances ... creates the possibility that identically situated persons will be treated differently in violation of the eighth and fourteenth amendments." (*Id.* at p. 10).

It is unnecessary to explore in detail or treat separately these constitutional arguments, for they all rest upon the same faulty premise. They are all based upon the defendants' assertions that this Court's opinions prior to *Foster* had construed § 413(h) to place the burden of persuasion on the accused with regard to weighing aggravating and mitigating circumstances and that the opinions in the instant cases changed such construction of the statute. These assertions are flatly erroneous.

The opinions (and specific pages therein) relied on by the defendants for their contention that this Court had previously construed § 413(h) to place the burden of persuasion on the accused, are *Maziarz v. State*, 302 Md. 1, 6, 485 A.2d

245 (1984); *Thomas v. State,* 301 Md. 294, 334, 483 A.2d 6 (1984), *cert. denied,* — U.S. ——, 105 S.Ct. 1856, 85 L.Ed.2d 153 (1985); *Stebbing v. State,* 299 Md. 331, 374, 473 A.2d 903, *cert. denied,* — U.S. ——, 105 S.Ct. 276, 83 L.Ed.2d 212 (1984); *Colvin v. State,* 299 Md. 88, 122, 472 A.2d 953, *cert. denied,* — U.S. ——, 105 S.Ct. 226, 83 L.Ed.2d 155 (1984); *Tichnell v. State (Tichnell III),* 297 Md. 432, 449, 468 A.2d 1 (1983), *cert. denied,* — U.S. ——, 104 S.Ct. 2374, 80 L.Ed.2d 846 (1984); and *Johnson v. State,* 292 Md. 405, 438, 439 A.2d 542 (1982). Not a single one of these opinions dealt with which side had the burden of proof, or burden of persuasion, or risk of nonpersuasion, as to the weighing of mitigating and aggravating factors under the provisions of § 413(h). In fact, none of these opinions even used the words "burden," "risk," "proof," "persuasion" or "nonpersuasion" in connection with subsection (h) of § 413. The issue of which side had the burden of persuasion or the risk of nonpersuasion under § 413(h) was simply not ruled upon or even mentioned in the opinions relied on by the defendants.[2]

The opinions cited in the motions for reconsideration in support of the assertion that this Court had previously construed § 413(h) to place the burden of persuasion on the accused, do either quote or repeat some or all of the statutory language in § 413(h), and it is this language upon

---

**2.** One of the cases cited by the defendants, *Maziarz,* 302 Md. at 5–6, did decide a different matter under § 413(h), namely that the "preponderance of the evidence" standard rather than an "overwhelming" standard was the appropriate standard for weighing aggravating and mitigating circumstances under subsection (h). The Court, however, did not discuss which side bore the risk of nonpersuasion under subsection (h).

Two of the other cases cited in the motions for reconsideration dealt with the matter of the defendant bearing the risk of nonproduction or nonpersuasion as to the presence of a mitigating circumstance under subsection (g) of § 413. *Stebbing,* 299 Md. at 373, 473 A.2d 903; *Colvin,* 299 Md. at 121, 472 A.2d 953, 126–127. As discussed in the *Foster* opinion, however, 304 Md. at 475–476, 499 A.2d 1236, this is a quite different issue than which side bears the risk of nonpersuasion under subsection (h).

which the defendants specifically rely. For example, the *Maziarz* opinion, 302 Md. at 6, 485 A.2d 245, quoted § 413(h)(3) and then repeated that the "statute requires that a sentence of life imprisonment be imposed if, by a preponderance of the evidence, the sentencing authority finds that the mitigating circumstances outweigh the aggravating circumstances." Similar language, quoting or repeating § 413(h)(2) or 413(h)(3), is found in the other cited opinions, and such language is referred to in the motions for reconsideration. Nevertheless, in *Tichnell I,* the first case under Maryland's present death penalty statute, the Court repeated the same language as that now relied on by the defendants and immediately thereafter held that the prosecution bore the risk of nonpersuasion under § 413(h). Chief Judge Murphy there stated for the Court (287 Md. at 730, 415 A.2d 830):

"Finally, if the sentencing authority finds, by a preponderance of the evidence, that the mitigating circumstances do not outweigh the aggravating circumstances, the death penalty must be imposed. § 413(h)(2). Because the State is attempting to establish that the imposition of the death penalty is an appropriate sentence, the statute places the risk of nonpersuasion on the prosecution with respect to whether the aggravating factors outweigh the mitigating factors."

And in the *Foster* opinion, 304 Md. at 477–478, 499 A.2d 1236, we discussed this point in detail, holding that

"merely because the General Assembly in § 413(h) referred in paragraph (2) to whether 'mitigating circumstances do not outweigh the aggravating circumstances' and in paragraph (3) to whether 'mitigating circumstances outweigh the aggravating circumstances,' instead of using the reverse order or some other phraseology, does not reflect a legislative intent to place any burden or risk upon the accused. If the Legislature had added a fourth paragraph to subsection (h), specifying the result if the sentencing authority found that mitigating and aggravating circumstances were in a state of even balance or if

the sentencing authority was unable to determine which outweighed the other, there would have been a clear inference regarding the allocation of the burden or risk. But the Legislature added no such fourth paragraph."

■ As pointed out above, *Tichnell I* was the first appellate opinion under the present capital punishment statute. Because of that, and because counsel for Tichnell had made a broad multi-issue attack upon the statute's constitutionality, this Court rendered a comprehensive opinion interpreting the statute and upholding its constitutionality. *See* 287 Md. at 720–741, 415 A.2d 830. In virtually every opinion in a capital case since then, where an issue concerning the meaning of § 413(f), (g) or (h) has arisen or an argument about the statute's constitutionality has been made, we have for the most part disposed of the matter on the basis of *Tichnell I.* The interpretation of § 413(h) set forth in *Tichnell I* has not been departed from or questioned in any subsequent opinion of this Court, and it was expressly reaffirmed in the *Trimble* case and the present cases. Consequently, we reject the assertion in the motions for reconsideration that the *Foster* opinion changed this Court's interpretation of § 413(h). Since that assertion forms the entire basis for the constitutional arguments advanced, we likewise reject those arguments.

## II.

■ In none of these three cases did the defendants in this Court challenge the jury instructions, or a refusal to give an instruction, concerning the jurors' responsibilities under § 413(h). Instead, as indicated in our opinions in the cases, the constitutional arguments with respect to § 413(h) were exclusively directed to the statutory provision on its face. *See Foster,* 304 Md. at 472, 499 A.2d 1236; *Evans,* 304 Md. at 536, 499 A.2d 1261; *Huffington,* 304 Md. at 586–587, 500 A.2d 272. Therefore, as we pointed out in the *Evans* opinion, 304 Md. at 536 n. 18, 499 A.2d 1261, any complaints about the jury instructions were waived.

Now, in their motions for reconsideration, the defendants do for the first time on appeal raise questions concerning the jury instructions relating to § 413(h). Foster argues that the trial court committed error by refusing to give a requested instruction concerning the burden of proof under § 413(h). Evans contends that the trial court erred in failing to instruct the jury that the language of § 413(h) places no burden or risk upon the accused. Huffington asserts that an instruction, which essentially referred to the statutory language and the wording of the verdict sheet, was error.

As pointed out above, the defendants' failure to make these contentions in their briefs and oral arguments constitutes a waiver or abandonment of them. *See, e.g., Health Serv. Cost Rev. v. Lutheran Hosp.*, 298 Md. 651, 664, 472 A.2d 55 (1984); *Logan v. Town of Somerset*, 271 Md. 42, 67, 314 A.2d 436 (1974); *Ricker v. Abrams*, 263 Md. 509, 516, 283 A.2d 583 (1971); *Wooddy v. Wooddy*, 256 Md. 440, 450–451, 261 A.2d 486 (1970); *Harmon v. State Roads Comm.*, 242 Md. 24, 30–32, 217 A.2d 513 (1966).

We recognize that the failure of counsel to raise certain types of issues on appeal, whether by inadvertence or deliberate decision, would not necessarily preclude their consideration in a subsequent proceeding.[3] Such issues include rights which cannot be waived absent intentional and knowing action by the defendant, rights which can only be waived personally by a defendant, matters which are deemed more appropriate for resolution in proceedings subsequent to an appeal such as proceedings under the Post Conviction Procedure Act, Code (1957, 1982 Repl.Vol.), Art. 27, § 645A *et seq.*, or issues where there exist special circumstances excusing waiver. *See* the discussion in *Curtis v. State*, 284 Md. 132, 395 A.2d 464 (1978). As to other matters, however, "[t]actical decisions, when made by an

---

3. The motions for reconsideration suggest that the attorneys' decisions in these cases to challenge § 413(h) on its face, and to raise no issues concerning instructions under § 413(h), were deliberate.

authorized competent attorney, as well as legitimate procedural requirements, will normally bind a criminal defendant." *Curtis v. State, supra,* 284 Md. at 150, 395 A.2d 464.

We further recognize that in a capital case the Court is less strict about the failure to preserve issues for review, and the Court may under appropriate circumstances exercise its discretion to decide such issues. *Johnson v. State, supra,* 292 Md. at 412 n. 3, 439 A.2d 542. Even in a death penalty case, however, counsel should not be able to continually relitigate the same matter by withholding issues or framing the questions differently each time. Otherwise, in cases such as these involving jury instructions and verdicts pursuant to a statutory provision, counsel could on the initial appeal argue that the statutory provision is facially unconstitutional, argue in the next proceeding (*e.g.,* a motion for reconsideration or the first post conviction proceeding) that the trial judge should have given certain instructions under the provision, bring a second post conviction proceeding and contend that the instructions actually given were erroneous, and bring a third post conviction proceeding at which the verdict sheet was challenged. Even where the penalty in a case is as awesome as death, there must at some point be an end to litigation.[4] Therefore, we hold that the present complaints concerning the jury instructions have been waived by the failure to raise them in the briefs and oral arguments before this Court.

As an alternate ground for our decision, however, we hold that even if the jury instruction matters had been raised in the briefs or oral arguments, the defendants have failed to show reversible error.

---

4. We note that all three of the instant cases had previously been before us. *See Foster v. State,* 297 Md. 191, 464 A.2d 986 (1983), *cert. denied,* 464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984); *Evans v. State,* 301 Md. 45, 481 A.2d 1135 (1984), *cert. denied,* ⸺ U.S. ⸺, 105 S.Ct. 1411, 84 L.Ed.2d 795 (1985); *Huffington v. State,* 295 Md. 1, 452 A.2d 1211 (1982); *Huffington v. State,* 302 Md. 184, 486 A.2d 200 (1985).

Foster claims that the trial court erred in refusing to give her proposed instruction No. 9, which she attaches to her motion for reconsideration. The first and second sentences of this proposed instruction, concerning the weighing of aggravating and mitigating circumstances, constituted a correct statement of the law; if that portion alone had been requested, the trial judge would have erred in refusing to give the instruction or its equivalent.[5] But the very next sentence of the requested instruction contained language going beyond the weighing or balancing process contemplated by the statute.[6] At the very least, the language of the third sentence was confusing, and this was pointed out by the trial judge. Under the circumstances, the trial judge did not err in refusing Foster's proposed instruction.

Evans also contends that the trial judge erred in not advising the jury "that the State has the burden of establishing that the aggravating circumstances outweigh the mitigating circumstances." But, insofar as we can determine from the record or from the motion for reconsideration, Evans neither submitted a proposed instruction to the trial judge in this regard nor orally requested any such instruction. As explained in the *Evans* opinion, 304 Md. at 536 n. 18, 499 A.2d 1261, Evans's counsel did no more than

---

**5.** The beginning of Foster's requested jury instruction was as follows:
"DEFENDANT'S PROPOSED INSTRUCTION NO. 9
"Your next duty will be to weigh any mitigating circumstances which exist against any aggravating circumstances which exist.
"Because the State is attempting to establish that death is the appropriate punishment, the State bears the burden of establishing that the aggravating circumstances which you find outweigh the mitigating circumstances."
The above-quoted language is in accord with the type of instruction which, as pointed out in the *Evans* opinion, 304 Md. at 537 n. 18, 499 A.2d 1261, should be given if requested.

**6.** The third sentence of Foster's Proposed Instruction No. 9 was as follows:
"Unless you find, after considering the totality of the aggravating and mitigating circumstances, that the aggravating factors, discounted by whatever mitigating circumstances exist, are sufficiently serious to require the sentence of death, you must impose life imprisonment."

object when the trial judge read the jury verbatim the language of § 413(h). Also as indicated in the *Evans* opinion, *id.* at 537 n. 18, 499 A.2d 1261, the instruction was not erroneous because the "language of § 413(h) does not place any burden or risk upon the accused." Therefore, the trial court in *Evans* committed no error in regard to the jury instructions under § 413(h).

■ Huffington argues that the trial court committed error when it read the jury Part III of the verdict sheet, essentially embodying the language of § 413(h). As acknowledged in the motion for reconsideration, however, no objection was made at trial to the judge's action. Consequently, the matter would not have been preserved for appellate review even if raised in the briefs or oral argument. Moreover, as we held in the *Foster* and *Evans* opinions, the language of § 413(h), which is reflected on the verdict sheet, does not place the risk of nonpersuasion upon the accused.

### III.

Evans argues in his motion for reconsideration that this Court's opinion did not fully consider his question No. 11, which he sets forth in his motion as follows:

"11. Is Appellant entitled to a new sentencing because the trial court refused to allow him to introduce evidence on his eligibility for parole, or because the trial court refused to instruct the jury that a life sentence means exactly that and the jury should presume that Appellant would spend the rest of his life in prison?"

Nevertheless, the question as set forth in his brief did not relate to a proposed jury instruction concerning the meaning of a life sentence, although the argument made a reference to such an instruction. Question No. 11 in the brief was in its entirety as follows (Evans's brief, p. 71):

"XI. APPELLANT IS ENTITLED TO A NEW SEN-
TENCING BECAUSE THE TRIAL COURT REFUSED

TO ADMIT EVIDENCE AS TO WHEN APPELLANT WOULD BE ELIGIBLE FOR PAROLE."

■ We fully answered in the *Evans* opinion the question presented, reaffirming a well-established principle of Maryland law that evidence concerning parole eligibility under statutes and administrative procedures is inadmissible at a criminal trial or sentencing proceeding before a jury, as it may suggest to the jury that it might shift its statutory responsibilities to another body. 304 Md. at 530, 499 A.2d 1261. Under this reasoning, it is inadmissible whether it arguably relates to the statutory mitigating circumstance dealing with the likelihood of future criminal activity constituting a threat to society (§ 413(g)(7)), or any other possible mitigating circumstance, statutory or not.[7]

Turning to the merits of the contention now made by Evans concerning the failure to instruct that a "life sentence means exactly that," the trial judge committed no error. Such an instruction would have been incorrect under Maryland law. *See* Code (1957, 1982 Repl.Vol, 1985 Cum. Supp.), Art. 41, § 122(b)(2), and Code (1957, 1982 Repl.Vol., 1985 Cum.Supp.), Art. 27, §§ 638C and 700.

Finding no merit in the three motions for reconsideration, the motions are hereby denied.

IT IS SO ORDERED.

McAULIFFE, Judge, concurring.

I adhere to the views expressed in the concurring and dissenting opinion in *Evans v. State*, 304 Md. at 539, 499 A.2d 1261. I recognize, however, that this Court has fully considered the issues and that no useful purpose would be served by reconsideration. I therefore concur in the deci-

---

7. In this connection, it should be noted that the evidence proffered concerning parole eligibility did not relate to the particular crime in this case or to this particular defendant. Instead, it was evidence concerning the provisions of Maryland law and administrative procedure.

sion to deny the motions for reconsideration in *Evans* and *Huffington.*