No. 85–6648.　HUFFINGTON *v.* MARYLAND.　Ct. App. Md. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting in this case and in No. 85–6649, *Evans* v. *Maryland,* cert. denied, *ante,* p. 1010, and No. 85–6650, *Foster* v. *Maryland, ante,* p. 1010.

Petitioners were sentenced to death pursuant to a procedural scheme that they strenuously contend is unconstitutional. The Maryland Court of Appeals, through a highly creative reading of Maryland law and a heavy dose of procedural technicality, managed to affirm petitioners' sentences without reaching their constitutional claim. I consider such evasion repugnant, and I dissent from the Court's denial of certiorari.

The dispute in these cases rests on Md. Ann. Code, Art. 27, § 413(h) (1957). That section, designed to guide the deliberations of the sentencing jury in capital cases, provides:

> "(1) If the court or jury finds that one or more of these mitigating circumstances exist, it shall determine whether, by a preponderance of the evidence, the mitigating circumstances outweigh the aggravating circumstances.
>
> "(2) If it finds that the mitigating circumstances do not outweigh the aggravating circumstances, the sentence shall be death.

"(3) If it finds that the mitigating circumstances outweigh the aggravating circumstances, the sentence shall be imprisonment for life."

The language of these provisions is clear: death shall be imposed *whenever* mitigating circumstances do not outweigh aggravating circumstances. It follows that death must be imposed when mitigating and aggravating circumstances are in equipoise. Put another way, death must be imposed *unless* mitigating circumstances outweigh aggravating circumstances: the burden of proof on the question of whether mitigating circumstances outweigh aggravating circumstances is on the defendant.

This understanding of the statute is confirmed by Maryland Rule 4–343, a recodification of Md. Rules Proc. 772A (superseded), which prescribes the verdict sheet used in Maryland capital sentencing proceedings. In Section I of that verdict sheet, the jury lists the aggravating circumstances it has found. In Section II, it lists the mitigating circumstances it has found. In Section III, it is instructed to answer "yes" or "no" to the following statement: "Based on the evidence, we unanimously find that it has been proven by A PREPONDERANCE OF THE EVIDENCE that the mitigating circumstances marked 'yes' in Section II outweigh the aggravating circumstances marked 'yes' in Section I." The jury is further instructed that if Section III is marked "no," it must enter a sentence of death. This rule, enacted contemporaneously with § 413, effectuates the plain language of the statute—the jury must return a sentence of death unless the defendant affirmatively proves that mitigating outweigh aggravating circumstances.

Despite the apparent clarity of the statutory language and the verdict sheet, the Maryland Court of Appeals in *Tichnell* v. *State*, 287 Md. 695, 730, 415 A. 2d 830, 848–849 (1980), appeared to read the statute differently. It stated:

"Section 413 does not explicitly specify which party has the burden of producing evidence and the burden of persuasion. . . . [I]f the sentencing authority finds, by a preponderance of the evidence, that the mitigating circumstances do not outweigh the aggravating circumstances, the death penalty must be imposed. § 413(h)(2). Because the State is attempting to establish that the imposition of the death penalty is an appropriate sentence, the statute places the risk of nonpersuasion

on the prosecution with respect to whether the aggravating factors outweigh the mitigating factors."

The court did not attempt to reconcile this reading with the language of § 413(h), or indeed with the court rule it had approved two years earlier.

Pronouncements of the Maryland Court of Appeals in cases subsequent to *Tichnell* were conflicting. The Maryland courts continued to agree that the rule established by that court as Md. Rules Proc. 772A and 4–343, instructing the jury that it must return a sentence of death if mitigating circumstances do not outweigh aggravating, was valid under the Court of Appeals' decisions. Capital defendants, in case after case, continued unsuccessfully to challenge § 413(h) as unconstitutionally allocating that burden. See *Stebbing* v. *Maryland*, 469 U. S. 900 (1984) (MARSHALL, J., dissenting from denial of certiorari) (Court should review constitutionality of § 413(h) because it appears to place burden on defendant); *Foster* v. *State*, 304 Md. 439, 471, 499 A. 2d 1236, 1253 (1985) (argument that Maryland capital punishment statute places improper burden on defendants at sentencing phase "made in virtually all death sentence appeals in this Court"). The Maryland Court of Appeals did not return to the point directly, except occasionally to refer back to *Tichnell* or to quote or paraphrase the language of the statute. *E. g.*, *Johnson* v. *State*, 303 Md. 487, 537, 495 A. 2d 1, 26 (1985), cert. denied, 474 U. S. 1093 (1986); *Trimble* v. *State*, 300 Md. 387, 415, n. 16, 478 A. 2d 1143, 1157, n. 16 (1984), cert. denied, 469 U. S. 1230 (1985); *Johnson* v. *State*, 292 Md. 405, 438, 439 A. 2d 542, 560–561 (1982). The jury instruction required by Rules 772A and 4–343 continued in use.

In these cases, petitioners were convicted of murder and sentenced to death. At the trial and appellate levels, they strenuously challenged the burdens established by Maryland law, attacking § 413(h) "as implemented by Md. Rule 772A" as placing the burden on the capital defendant to convince the sentencer that mitigating circumstances outweigh aggravating circumstances. See *Evans* v. *State*, 304 Md. 487, 554, 499 A. 2d 1261, 1296 (1985) (McAuliffe, J., concurring and dissenting) (quoting petitioner Evans' appellate brief).

The Maryland Court of Appeals rejected petitioners' challenge. Their attack, it explained, reflected a misunderstanding of *Tichnell* and of Maryland law. The language of the Maryland statute,

the court stated, in fact did not speak to the "case where the sentencing authority found the aggravating and mitigating circumstances to be evenly balanced or was unable to determine which outweighed the other." *Foster, supra,* at 478–479, 499 A. 2d, at 1256. The burden of proof in such cases, the court definitively stated, was on the prosecution.

One might think that this ruling would have been cause for celebration by petitioners. Petitioners were condemned to death pursuant to instructions that had put the burden of proof on them at a key point in the sentencing proceeding. They had strenuously challenged that scheme both at the trial and appellate levels. And the Maryland Court of Appeals had just held that state law would not permit such an imposition of the burden. One might forgive petitioners for believing that they were therefore due to receive new sentencing proceedings. The Maryland Court of Appeals, however, disagreed.

The Maryland Court of Appeals did not contest that petitioners had challenged the constitutionality of the *statute* at length both at the trial and appellate levels. It held, however, that petitioners had committed a fatal error in drafting their appellate briefs. They had limited their challenge to the statute, and had neglected explicitly to challenge the state-prescribed instructions and verdict sheet, which tracked the statutory language. Since the statute as interpreted was constitutional, the court reasoned, and petitioners had preserved no other challenges, there was no cause for reversal. The court noted that counsel for at least one petitioner had expressly objected at trial when the trial judge, instructing the jury on the weighing of aggravating and mitigating circumstances, used the language of § 413(h). Even were the issue not waived on appeal, the court ruled, there was no error, because the language of § 413(h) itself "'does not place any burden . . . upon the accused.'" *Foster* v. *State,* 305 Md. 306, 318, 503 A. 2d 1326, 1332 (1986).

I find this result unconscionable. I have long believed that the Maryland statute, as written, unconstitutionally places the burden of proof on capital defendants at the sentencing phase of their trials. See *Stebbing* v. *Maryland, supra.* I am gratified that the Maryland Court of Appeals has read that burden of proof out of the statute. But I am wholly unconvinced by the reasoning that that court used to avoid extending the benefits of its decision to petitioners.

First, it is plain that any rational juror would understand the language of § 413(h) and Rule 4–343 as placing the burden of persuasion on the accused. Indeed, I cannot imagine any other way to read the statute that does not completely ignore its words. No fair-minded juror could have understood from these instructions that the burden was upon the State to prove by a preponderance of the evidence that aggravating circumstances must outweigh mitigating circumstances before a sentence of death could be returned. "It is distressing to accept a judicial construction that black is white; it is folly to suggest that jurors will arrive at the same conclusion." *Evans, supra,* at 558, 499 A. 2d, at 1298 (McAuliffe, J., concurring and dissenting).

The Court of Appeals' resolution of the waiver issue, further, allowed it to frustrate key federal rights only by means of technicality worthy of 17th-century pleading. Once petitioners attacked the burden of proof imposed by the language of the statute, their failure explicitly to argue that instructions precisely tracking the language of the statute were similarly flawed was, to say the least, understandable. Reasonably prudent counsel could have assumed that if the Court of Appeals had found that the language of the statute impermissibly imposed the ultimate burden on defendants, it would have similarly disapproved instructions to the same effect. Only the court's "interpretation" of § 413(h) to obviate the constitutional claim created petitioners' dilemma. The court stated that it was merely reaffirming what had been the law since *Tichnell;* yet, as the partially dissenting judge below remarked:

> "[T]he frequency with which defense counsel have argued since *Tichnell I* that the statute improperly places the burden of ultimate persuasion upon the defendant, and the failure of experienced and able defense counsel to argue for an instruction to the opposite effect upon the authority of *Tichnell I* suggests to me that the 'interpretation' announced [in this case] must be ranked among the best kept secrets in this State." *Evans, supra,* at 556, n. 5, 499 A. 2d, at 1297, n. 5 (McAuliffe, J., concurring and dissenting).

I do not complain about the fact that the Maryland Court of Appeals has chosen to correct the error of the Maryland Legislature in drafting § 413(h). Its decision to deny petitioners the benefit of that change, however, epitomizes the arbitrary and capricious

administration of the death penalty in this Nation.    I would grant the petitions for certiorari.