**Ronald J. MOURADJIAN**

v.

**Charles F. CONNERY.**

No. 86–185–Appeal.

Supreme Court of Rhode Island.

May 6, 1987.

Thomas W. Pearlman, Arlene M. Violet, Pearlman & Vogel, Providence, for plaintiff.

Robert D. Parrillo, Hanson, Curran & Parks, Providence, for defendant.

### OPINION

PER CURIAM.

This is a Superior Court negligence action that arose out of an automobile accident in which the defendant drove into the rear end of the plaintiff's car while it was stopped at a red light. The plaintiff, Ronald Mouradjian, appeals from the denial of his motion for a new trial and/or an additur after a jury returned a verdict of $1 in damages against the defendant, Charles Connery.

The plaintiff contends, inter alia, that the trial justice erred in refusing to allow him to use a peremptory challenge to strike one of the jurors. This alleged error occurred after a six-member jury had been selected but prior to the selection of alternate jurors and before the entire jury was sworn. The record indicates that when asked by the trial justice whether there were any challenges to the prospective jurors, plaintiff stated that the jury was satisfactory. The clerk then called an alternate juror for voir dire. After voir dire of the first prospective alternate juror was completed and plaintiff was asked if he wanted to challenge the alternate, the clerk excused one of the six selected jurors, Mr. Barry Brightman, evidently at plaintiff's request. The trial justice called Brightman back, stating that plaintiff had already given his approval of the jury as constituted and that plaintiff could challenge only the alternate.

The plaintiff argues that the right to exercise a peremptory challenge remains absolute until the case is opened to the jury. The plaintiff cites G.L.1956 (1985 Reenactment) § 9–10–18 in support of his position and interprets it to mean that a party may exercise such a challenge at any point prior to the jury's being sworn. Section 9–10–18 provides:

> "Peremptory challenges.—Either party in a civil action may, before the opening of such action or proceeding to the jury, challenge in writing, addressed to the clerk of the court, any qualified jurors called for the trial of said cause or proceeding, not exceeding one (1) in three (3), without alleging or showing any cause therefor; and after such objection the challenged jurors shall not sit in the trial of such cause, but other jurors shall be called to take the place of the challenged jurors for the trial of the cause."

Contrary to the plaintiff's assertion, the right afforded him under § 9–10–18 is statutory in nature, and statutory rights, like constitutional rights, may be waived by a party to the action. *See Curtis v. Department for Children and Their Families*, 522 A.2d 203 (R.I.1987). We find that the plaintiff waived his statutory right to peremptory challenge by expressing his satisfaction with the jury in response to the trial justice's inquiry. Once having accepted the six petit jurors, the plaintiff could not then utilize a peremptory challenge to strike any of the six during the subsequent selection of the alternate jurors. *See Thomas v. State*, 301 Md. 294, 483 A.2d 6 (1984), *cert. denied*, 470 U.S. 1088, 105 S.Ct. 1856, 85 L.Ed.2d 153 (1985).

The plaintiff also raises three other issues on appeal. We find none of them to merit our discussion.[1] Consequently the plaintiff's appeal is denied and dismissed, and the judgment of the Superior Court is affirmed.

---

1. This matter originally came before this court on the motion calendar. Since the members were of the opinion that the peremptory-challenge issue was deserving of some comment, it was decided to publish this opinion rather than issue an order summarily dismissing plaintiff's appeal.