THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER LIPSCOMB, Defendant-Appellant.

Fourth District   No. 4—88—0040

Opinion filed August 18, 1988.—Rehearing denied September 16, 1988.

Dennis Doherty, of Chicago, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

The defendant Christopher Lipscomb brings this appeal from the judgment entered in the circuit court of Champaign County following a jury trial in which defendant was found guilty of the unlawful delivery of more than 1 gram but less than 15 grams of a substance containing cocaine, said delivery taking place on a public way within 1,000 feet of real property comprising a school. (Ill. Rev. Stat. 1985, ch. 56½, par. 1407(b)(1).) Defendant was sentenced to a term of im-

prisonment of 12 years for this Class X felony.

■ In his appeal, defendant raises but one issue: whether the trial court committed reversible error by refusing to instruct the jury on the lesser included offense of delivery of a controlled substance containing more than 1 gram but less than 15 grams of cocaine, a Class 1 felony. (Ill. Rev. Stat., 1987 Supp., ch. 56½, par. 1401(b)(2).) However, where the evidence is such that the jury could not rationally conclude a verdict of guilty on the lesser included offense was appropriate, then the failure to give an instruction on the lesser included offense is not reversible error. *People v. Mitchell* (1984), 105 Ill. 2d 1, 473 N.E.2d 1270, *cert. denied* (1985), 470 U.S. 1089, 85 L. Ed. 2d 153, 105 S. Ct. 1857; *People v. Creamer* (1986), 143 Ill. App. 3d 64, 492 N.E.2d 923.

The evidence established that an investigation into narcotics sales and deliveries targeted an area near Douglas Park and Washington School in Champaign, Illinois. On April 9, 1987, Detective Gary Wright of the Champaign police department provided money to undercover agent Joe Bates and instructed Bates and United States Airman Chris Ferguson, an informant, to go to an area of Douglas Park, on Eureka Street, and attempt to purchase controlled substances from anyone selling such substances there. Specifically, Wright was seeking a drug buy in an area within 1,000 feet of Washington School. Sometime thereafter, defendant came driving down Eureka Street, and Airman Ferguson motioned to defendant to stop his vehicle.

Agent Bates approached defendant and asked to purchase a sixteenth of an ounce of cocaine. Defendant stated he did not have it, but would "go and make it up." Bates then gave defendant $160.

Defendant drove off and returned 15 to 20 minutes later. Bates entered defendant's vehicle and was given a bag which contained 1.2 grams of cocaine.

Edward Clancy, a land surveyor and engineer, testified that Eureka Street is a public way. Clancy further testified that the location of the delivery was between 604 and 849 feet from Washington School. Charles Sutton, superintendent of schools in Champaign testified that Washington School is owned by Champaign School District Unit 4, and Esther Suggs, principal of Washington School, testified that the school was being used as an elementary school on April 9, 1987.

■ Defendant argues that the instruction on the lesser included offense should have been given because a jury could have found that the delivery was not made within 1,000 feet of the school property. As evidence tending to show the delivery did not occur within 1,000 feet

of the school, the defendant points to the fact that he had to leave the scene to acquire the controlled substance. We disagree.

The evidence clearly establishes the delivery took place within 1,000 feet of the school, and, therefore, the trial court's refusal to give the instruction on the lesser included offense was not reversible error. As a result, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

GREEN, P.J., and McCULLOUGH, J., concur.