No. 86–5867. Calhoun *v.* Maryland. Ct. App. Md. Certiorari denied.

Justice Brennan, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

Justice Marshall, dissenting.

Maryland's capital sentencing statute provides that, "[i]f [the sentencing jury] finds that the mitigating circumstances do not outweigh the aggravating circumstances, the sentence shall be death." Md. Ann. Code, Art. 27, § 413(h)(2) (1957). The trial court's jury instruction in this case similarly stated: "If you find that the mitigating factors do not by a preponderance of the evidence outweigh the aggravating factors, then you mark that accordingly and proceed to Section 4 and enter a sentence of death." 306 Md. 692, 698, 511 A. 2d 461, 464 (1986). Once again the Maryland Court of Appeals has reviewed the statute and jury instruction and has concluded that defendant was not assigned the burden of proof during his sentencing proceeding, even though neither the statute nor the instruction otherwise expressly addressed the placement of this burden.

> "[I]t is plain that any rational juror would understand the language of § 413(h) and [this instruction] as placing the burden of persuasion on the accused. Indeed, I cannot imagine any other way to read the statute that does not completely ignore its words. No fair-minded juror could have understood from these instructions that the burden was upon the State to

prove by a preponderance of the evidence that aggravating circumstances must outweigh mitigating circumstances before a sentence of death could be returned." *Huffington* v. *Maryland*, 478 U. S. 1023, 1027 (1986) (MARSHALL, J., dissenting from denial of certiorari).

I adhere to my belief that the Maryland statute, as written, and as applied, unconstitutionally places the burden of proof on capital defendants at the sentencing phase of their trials. I would grant the petition for certiorari.