684 A.2d 429

**Donald WALKER**

v.

**STATE of Maryland.**

**No. 63, Sept. Term, 1995.**

Court of Appeals of Maryland.

Nov. 4, 1996.

630

Julia Doyle Bernhardt, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Petitioner.

Gwynn X. Kinsey, Jr., Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Respondent.

Argued before MURPHY,* C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

The broad issue in this case is whether the petitioner presented a cognizable claim for relief under the Maryland Post Conviction Procedure Act, Maryland Code (1957, 1996 Repl.Vol.), Art. 27, § 645A.

_____

* Murphy, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of this opinion.

I.

The petitioner, Donald Walker, was charged with assault with intent to murder, common law assault, and related offenses arising from a shooting that occurred in a crowded bar during the early morning hours of July 5, 1978. He was tried in June 1979 before a jury in the Criminal Court of Baltimore. Following the presentation of the evidence, the trial judge gave the jury the following instruction regarding assault with intent to murder (emphasis added):

"The essence of the offense of assault with intent to murder is the term 'intent to murder.' In order for a person to be found guilty of assault with intent to murder, the assault must have been committed with such intent that if death had ensued the result would have been murder in either first or second degree.

"Murder is killing with intent to kill that person or with the intent to seriously or severely injure that person without any excuse, justification or mitigation. Therefore, if you decide Mr. Walker beyond a reasonable doubt was the person who shot Mr. Wheeler and that *he intended to kill or severely injure him, then you find him guilty of the crime of assault with intent to murder.*"

No objection to this instruction was made by Walker's attorney.

The jury convicted Walker of assault with intent to murder, and, in accordance with the court's instructions, rendered no verdict on the count charging common law assault. Walker's conviction was affirmed by the Court of Special Appeals in an unreported opinion in November 1980, and this Court denied his petition for a writ of certiorari in March 1981. Walker did not challenge the above-quoted jury instruction in his direct appeal and certiorari petition.[1]

---

1. In his direct appeal to the Court of Special Appeals, Walker challenged his conviction on several grounds, namely that the trial court committed reversible error by denying his requested self-defense instruction, by allegedly refusing to permit reference to the relative credibility of witnesses in closing argument, and by refusing to exclude

Walker then filed two petitions for post conviction relief, one in 1981 and the other in 1984, and both were denied. Although he made several allegations, Walker failed to challenge the jury instruction at issue in either petition.[2]

The current proceedings were commenced in December 1993, when Walker filed in the Circuit Court for Baltimore City his third petition for post conviction relief. In this petition, Walker asserted that the trial court incorrectly instructed the jury that an intent to inflict severe injury was sufficient to support a conviction for assault with intent to murder, and that this error permitted the State to obtain his conviction without proving every element of the offense beyond a reasonable doubt.

The circuit court granted post conviction relief in an opinion and order filed in March 1994, concluding that Walker's conviction of assault with intent to murder should be vacated based upon this Court's decisions in *Franklin v. State,* 319 Md. 116, 571 A.2d 1208 (1990), and *State v. Jenkins,* 307 Md. 501, 515 A.2d 465 (1986). *See also Glenn v. State,* 68 Md.App.

---

evidence allegedly unrelated to the charged offenses. He also argued that there was insufficient evidence presented at trial to support his conviction. Nowhere in his appellate brief did he argue that the jury instruction regarding intent was incorrect.

2. Walker's first post conviction petition made the following allegations: (1) he was never informed as to the proper standard of proof to be applied in a trial before a judge or jury, or that the jury would have to agree unanimously as to his guilt or innocence before finding him guilty or not guilty; (2) his Motion for Judgment of Acquittal should have been granted as to all counts at the conclusion of the State's case; (3) the trial court improperly instructed the jury as to the disposition of charges to which Motions for Judgment of Acquittal were granted; (4) the trial court improperly instructed the jury as to the reasonable doubt standard; (5) he was denied his constitutional right to a fair and impartial trial because a substantial amount of prejudicial evidence was admitted at his trial and contributed to his conviction; and (6) he was denied his constitutional right to a fair and impartial trial because his attorney failed to represent him competently.

In his second post conviction petition, Walker argued, as his sole ground for relief, that he was not present at every stage of the trial proceedings because he was not present at several bench conferences among the court, the prosecuting attorney, and defense counsel.

379, 511 A.2d 1110, *cert. denied,* 307 Md. 599, 516 A.2d 569 (1986). Those cases held that a specific intent to kill was an element of the statutory crime of assault with intent to murder, and that the intent element of the crime could not be satisfied by an intent to commit grievous bodily injury. In the *Franklin* case, there had been no objection to a jury instruction that the intent element of the offense could be satisfied by an intent to commit grievous bodily injury. In fact, the erroneous instruction had been requested by defense counsel. Nonetheless, upon direct review of Franklin's conviction, this Court held that the instruction was "plain error" affecting "the right of the defendant to a fair trial," and we reversed the conviction. *Franklin v. State, supra,* 319 Md. at 120, 571 A.2d at 1210.

The circuit court in the present case held that the *Franklin, Jenkins,* and *Glenn* decisions should be applied to Walker's case. The circuit court indicated that, prior to *Jenkins,* many trial judges and lawyers believed that a jury instruction like that given at Walker's trial was a correct statement of the law. Nevertheless, the court expressed the view that the *Jenkins* case "did *not* announce a new rule of law," and that "it simply identified a correct application of an existing rule." Consequently, in the view of the circuit court, the principles set forth in *Jenkins* were fully applicable to Walker's case when his trial took place in 1979, and no issue concerning a "prospective only" application of *Jenkins* was presented. With regard to the lack of any objection by Walker's counsel to the erroneous instruction, the circuit court reasoned as follows:

> "Thus, as I view the matter, the issue largely comes down to whether standards of 'plain error' on direct appeal differ significantly or meaningfully from the standards applicable on post conviction review of an issue.... The answer is 'no.' "

Upon the State's application for leave to appeal, the Court of Special Appeals, in an unreported opinion, remanded the case to the circuit court. The Court of Special Appeals seemed to agree with the circuit court that the jury instruction at Walker's trial "was incorrect at the time it was given." The

intermediate appellate court went on to construe the circuit court's action as a decision applying the "plain error" doctrine embodied in Maryland Rules 4–325(e) and 8–131(a). The Court of Special Appeals then stated that these rules apply only to direct appellate review, and that they do not authorize a court in a post conviction proceeding to invoke the "plain error" doctrine. The Court of Special Appeals directed the circuit court to reconsider the case and determine if Walker's complaint about the jury instruction was cognizable under the Post Conviction Procedure Act or if it had been waived for purposes of that statute.

After the remand, the circuit court issued another opinion and order again granting Walker's petition and vacating his conviction of assault with intent to murder. The court reiterated that *State v. Jenkins, supra, Franklin v. State, supra,* and *Glenn v. State, supra,* should be applied to vacate Walker's conviction, reasoning that the instruction given to the jury at Walker's trial was erroneous when given and constituted "fundamental error" entitling Walker to post conviction relief and a new trial. In accordance with the Court of Special Appeals' directive to determine whether there had been a waiver for purposes of the Post Conviction Procedure Act, the circuit court concluded that Walker did not waive the claim that the jury instruction was erroneous because Walker himself did not intelligently and knowingly fail to object and because "[c]ounsel's lack of prescience is not attributable to Walker." Alternatively, the court held that if the claim had been waived, the waiver was excused by the existence of "special circumstances" within the meaning of the Post Conviction Procedure Act, Art. 27, § 645A(c)(1). The "special circumstances" found by the circuit court were that, at the time of Walker's trial, the law concerning the intent element of assault with intent to murder was misunderstood by trial judges and lawyers, and that the law was not finally clarified until this Court's opinion in *State v. Jenkins, supra,* more than five years after Walker's conviction became final.

Thereafter, the State filed another application for leave to appeal. The Court of Special Appeals granted the application

and reversed the circuit court's judgment in an unreported opinion. Unlike its earlier opinion remanding the case, this time the Court of Special Appeals did not view the controlling issue as whether Walker's claim had been waived or was cognizable under the Maryland Post Conviction Procedure Act. In fact, the intermediate appellate court's opinion did not mention that statute. Moreover, the Court of Special Appeals' opinion did not refer to the lack of an objection to the jury instruction, and made no reference to waiver or to the circuit court's alternative holding that there existed "special circumstances" within the meaning of the Post Conviction Procedure Act. Instead, the intermediate appellate court stated that "[t]he question is whether the ... rule [set forth in *Franklin*, *Jenkins*, and *Glenn* ] should be applied retroactively to this case." After stating its view that "[t]he law for determining whether a case is to be afforded retroactive effect is somewhat muddled," the Court of Special Appeals concluded that *State v. Jenkins* and *Glenn v. State* overruled prior law concerning the intent element of assault with intent to murder. The appellate court stated that "the law announced in" *Jenkins* and *Glenn* represented a " 'clear break with the past,' " *quoting Griffith v. Kentucky*, 479 U.S. 314, 325, 107 S.Ct. 708, 714, 93 L.Ed.2d 649, 659–660 (1987). Consequently, according to the Court of Special Appeals, the *Jenkins* and *Glenn* cases are "not accorded retroactive effect."

Walker then filed a petition for a writ of certiorari which this Court granted. We agree with Walker that the Court of Special Appeals erred in holding that the *Jenkins* case represented a "clear break with the past" and should be applied only prospectively. Moreover, we believe that the issues identified in the first opinion by the Court of Special Appeals, and in the circuit court's final opinion, *i.e.*, waiver and "special circumstances" for purposes of the Maryland Post Conviction Procedure Act, are the dispositive issues in the case. We disagree, however, with the circuit court's resolution of these issues, and, for this reason, we shall affirm the Court of Special Appeals' judgment.

## II.

■ When a decision of the United States Supreme Court with regard to the federal constitution or federal law, or a decision of this Court with regard to a constitutional provision, a statute, or a common law principle, is overruled on the ground that the decision represented an erroneous interpretation or application of the constitutional provision, statute, or common law principle, the question of whether the new ruling should be applied prospectively only is governed by the principles set forth in *Owens–Illinois v. Zenobia,* 325 Md. 420, 470–472, 601 A.2d 633, 658 (1992); *State v. Colvin,* 314 Md. 1, 25–26, 548 A.2d 506, 518 (1988); *American Trucking Ass'ns v. Goldstein,* 312 Md. 583, 591–595, 541 A.2d 955, 959–961 (1988); *Houghton v. County Com'rs of Kent Co.,* 307 Md. 216, 218–224, 513 A.2d 291, 292–295 (1986); *Potts v. State,* 300 Md. 567, 576–583, 479 A.2d 1335, 1340–1343 (1984); *McClain v. State,* 288 Md. 456, 470, 419 A.2d 369, 375 (1980); *State v. Hicks,* 285 Md. 310, 336–338, 403 A.2d 356, 370–371 (1979); *Wiggins v. State,* 275 Md. at 689, 698–716, 344 A.2d at 80, 85–95 (majority opinion), 275 Md. at 732–741, 344 A.2d at 104–109 (dissenting opinion) (1975). In addition, when the "prospective-retroactive" issue arises in a proceeding under the Maryland Post Conviction Procedure Act, the provisions of that statute may be controlling. *See* Code (1957, 1996 Repl.Vol.), Art. 27, § 645A(d); *State v. Colvin, supra,* 314 Md. at 25, 548 A.2d at 518; *Davis v. State,* 285 Md. 19, 24–31, 400 A.2d 406, 408–412 (1979); *State v. Evans,* 278 Md. 197, 210–211, 362 A.2d 629, 636–637 (1976).

Nevertheless, as this Court explained in *Houghton v. County Com'rs of Kent Co., supra,* 307 Md. at 220, 513 A.2d at 293,

"the question of whether a particular judicial decision should be applied prospectively or retroactively, depends in the first instance on whether or not the decision overrules prior law and declares a new principle of law. If a decision does not declare a new legal principle, no question of a 'prospective only' application arises; the decision applies retroactively in the same manner as most court decisions."

*See American Trucking Ass'ns v. Goldstein, supra,* 312 Md. at 591, 541 A.2d at 958–959 ("In the overwhelming majority of cases, a judicial decision sets forth and applies the rule of law that existed both before and after the date of the decision. In this usual situation, . . . no issue of a 'prospective only' application arises"); *Potts v. State, supra,* 300 Md. at 577, 479 A.2d at 1341 ("where a decision has applied settled precedent to new and different factual situations, the decision always applies retroactively." It is only "where a new rule . . . constitutes 'a clear break with the past' " that the question of prospective only application arises); *Jones v. State,* 297 Md. 7, 24–25, 464 A.2d 977, 985 (1983) ("There was no overruling of a prior decision or overruling of an interpretation by this Court. . . . Therefore, the issue of retroactivity is not presented"); *State v. Hicks, supra,* 285 Md. at 336, 403 A.2d at 370 ("our holdings in the instant case did overrule a prior interpretation [by this Court] of the same [statutory] language and did set forth a new interpretation of that language. Thus, the case is an appropriate one for considering whether such new interpretation should be given only prospective effect").

■ This Court's opinion in *State v. Jenkins, supra,* holding that a specific intent to kill was an element of the statutory offense of assault with intent to murder, and that the element was not satisfied by an intent to inflict severe injury, was not novel and did not overrule any prior decisions by this Court. No previous case in the Court of Appeals had ever *held* that the intent element of the offense alternatively included an intent to inflict severe or grievous bodily injury. On the contrary, numerous prior opinions of this Court, reviewed in the *Jenkins* case, 307 Md. at 513–515, 515 A.2d at 471–472, had reiterated that the intent element of the offense was a "specific intent to murder" or an "intent to kill" or "a design to kill."

More than one hundred years ago in *Fenwick v. State,* 63 Md. 239 (1885), which was a criminal prosecution involving an attack upon the victim with an axe, this Court made it clear that, if the defendant's intent was not to kill the victim, the defendant could not properly be convicted of assault with

intent to murder. Because the trial judge in *Fenwick* had not allowed the defendant to testify with regard to his purpose, the conviction of assault with intent to murder was reversed. Shortly thereafter, Lewis Hochheimer wrote that, "[i]n order to constitute assault with intent to murder, . . . it is essential, that there should be an actual, specific intent to take life." L. Hochheimer, *The Law of Crimes and Criminal Procedure*, 294 (2d ed. 1904). *See also* L. Hochheimer, *A Manual of Criminal Law As Established In The State of Maryland*, 139–141 (1889).

The *Jenkins* opinion did acknowledge that, in a few previous opinions of this Court, particularly *Hall v. State*, 213 Md. 369, 131 A.2d 710 (1957), and *Webb v. State*, 201 Md. 158, 93 A.2d 80 (1952), there was unfortunate *dicta* indicating that the intent element of assault with intent to murder could be satisfied if "an intent to commit grievous bodily harm" was "shown." The *Jenkins* opinion pointed out that this language reflected a confusion between the intent element of the offense and the evidentiary proposition that proof of an intent to commit severe bodily injury may support an inference of an intent to kill. Nevertheless, as *Jenkins* went on to discuss, many opinions by this Court after *Hall* and *Webb* clearly held that a specific intent to kill must be proven in order to sustain a conviction of assault with intent to murder. *See also Glenn v. State, supra,* 68 Md.App. 379, 511 A.2d 1110, rendered shortly before *Jenkins,* where Judge Moylan for the Court of Special Appeals discussed in much more detail this entire matter.

Although our opinion in *Jenkins* may have corrected erroneous dicta which had appeared in a few earlier opinions by this Court and in some earlier opinions by the Court of Special Appeals, the mere correction of prior incorrect dicta does not represent "a clear break with the past" generating the question of a "prospective only" application. This is particularly true under the circumstances here, where the great majority of this Court's prior opinions, both before and

after the cases containing the unfortunate dicta, had correctly set forth the elements of assault with intent to murder.

■ As the circuit court pointed out in the present case, before *Jenkins* many lawyers and trial judges apparently believed that the intent element of assault with intent to murder could be satisfied by an intent to commit severe bodily injury. Nonetheless, when an opinion of this Court correctly delineates a legal principle which had also been correctly set forth in prior opinions by this Court, the erroneous "perception of [some of the] Bar and Judges" does not create a situation necessitating an analysis of whether the opinion should be applied only prospectively. *Houghton v. County Com'rs of Kent Co., supra,* 307 Md. at 218–224, 513 A.2d at 292–295. *See Davis v. State, supra,* 285 Md. at 27, 400 A.2d at 409–410 (that " '[s]ome trial courts and members of the bar seemingly have [mis]construed' " a prior case does not mean that a later decision, setting forth a proper interpretation, "comprise[s] a departure from the law applicable to criminal causes in Maryland").

Consequently, the circuit court in the instant case correctly held that *Jenkins* "did not announce a new rule of law" and that no question regarding a "prospective only" application of *Jenkins* was presented. The Court of Special Appeals, in reaching a contrary conclusion, was in error.

### III.

We now turn to the circuit court's holdings that there had been no waiver of the jury instruction issue and, alternatively, if there had been a waiver, the failure to object to the jury instruction was excused by special circumstances.

### A.

The principal subsection of the Maryland Post Conviction Procedure Act concerning waiver of an issue, Art. 27, § 645A(c), states as follows:

"(c) *When allegation of error deemed to have been waived.*—(1) For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not the petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

"(2) When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

The circuit court implicitly found that Walker had rebutted the presumption, set forth in paragraph (2) above, that he had "intelligently and knowingly failed" to raise the jury instruction issue at trial, on direct appeal, or in his two previous post conviction proceedings. The court, applying the definition of waiver contained in § 645A(c), went on to hold that Walker personally had not intelligently and knowingly failed to raise the issue and that the failure of Walker's attorneys to object to the jury instruction or subsequently to raise the issue "is not attributable to Walker."

The circuit court's application of the definition of waiver in the Post Conviction Act's subsection (c) may well have been correct if the waiver issue in this case were governed by subsection (c). The court, however, overlooked our interpreta-

tion of the statute as a whole, set forth in *Curtis v. State*, 284 Md. 132, 395 A.2d 464 (1978), and reaffirmed on numerous occasions. *See, e.g., Oken v. State*, 343 Md. 256, 270–272, 681 A.2d 30, 37–39 (1996); *McElroy v. State*, 329 Md. 136, 140–142, 147–149, 617 A.2d 1068, 1070–1071, 1073–1075 (1993); *Trimble v. State*, 321 Md. 248, 259, 582 A.2d 794, 799 (1990); *State v. Romulus*, 315 Md. 526, 539–540, 555 A.2d 494, 500 (1989); *Martinez v. State*, 309 Md. 124, 141, 522 A.2d 950, 958–959 (1987); *State v. Calhoun*, 306 Md. 692, 702–704, 511 A.2d 461, 465–467 (1986), *cert. denied*, 480 U.S. 910, 107 S.Ct. 1339, 94 L.Ed.2d 528 (1987); *State v. Tichnell*, 306 Md. 428, 464, 509 A.2d 1179, 1197, *cert. denied*, 479 U.S. 995, 107 S.Ct. 598, 93 L.Ed.2d 598 (1986); *Foster, Evans and Huffington v. State*, 305 Md. 306, 315–316, 503 A.2d 1326, 1331, *cert. denied*, 478 U.S. 1010, 1023, 106 S.Ct. 3310, 3315, 92 L.Ed.2d 723, 745 (1986); *Williams v. State*, 292 Md. 201, 215–216, 438 A.2d 1301, 1308 (1981); *State v. Magwood*, 290 Md. 615, 622–623, 432 A.2d 446, 449–450 (1981).

This Court held in *Curtis v. State, supra*, 284 Md. at 141, 395 A.2d at 469, that the General Assembly, when it enacted the Post Conviction Procedure Act, did not "intend that the definition of 'waiver' set forth in subsection (c) determine in all cases the right to raise for the first time any issue in a post conviction action, regardless of the nature of prior procedural defaults, tactical decisions of counsel, or omissions of counsel. . . ." We pointed out in *Curtis* that, with regard to certain rights, courts traditionally have required that a person intelligently and knowingly relinquish or abandon the right before he or she is deemed to have waived the right. We noted that the Supreme Court, in the seminal case of *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938), had applied this strict "intelligent and knowing" concept to waiver of the right to counsel. The *Curtis* opinion reviewed some of the other rights which, under decisions by the Supreme Court, this Court, and other courts, have required intelligent and knowing action by an individual for there to be a waiver of the right.

We went on in *Curtis*, however, to point out that courts had not applied the "intelligent and knowing" test of waiver to most rights and issues arising in litigation, and that litigants, including criminal defendants, may often be precluded from asserting a right or raising an issue because of prior actions or inactions by the litigants or their attorneys. After discussing several cases, we stated in *Curtis*, 284 Md. at 147, 395 A.2d at 473,

> "that whether one is precluded from asserting a . . . right because of what may have occurred previously, even though the failure was not 'intelligent and knowing,' depends upon the nature of the right and the surrounding circumstances. A defendant may forego a broad spectrum of rights which are deemed to fall within the category of tactical decisions by counsel or involve procedural defaults."

The *Curtis* opinion then addressed the Maryland Post Conviction Procedure Act. After examining the language, history, and purposes of the Post Conviction Procedure Act, as well as the previous decisions by this Court interpreting the statute, we concluded as follows (284 Md. at 149–150, 395 A.2d at 474):

> "Consequently, we believe that the Legislature, when it spoke of 'waiver' in subsection (c) of Art. 27, § 645A, was using the term in a narrow sense. It intended that subsection (c), with its 'intelligent and knowing' standard, be applicable only in those circumstances where the waiver concept of *Johnson v. Zerbst* . . . was applicable. Other situations are beyond the scope of subsection (c), to be governed by case law or any pertinent statutes or rules. Tactical decisions, when made by an authorized competent attorney, as well as legitimate procedural requirements, will normally bind a criminal defendant."

A few years later, in *Williams v. State, supra*, 292 Md. at 215–216, 438 A.2d at 1308, we reaffirmed the interpretation of the Post Conviction Procedure set forth in *Curtis*, stating:

> "*Curtis* held that the definition of waiver in the Post Conviction Procedure Act, Code (1957, 1976 Repl.Vol.), Art. 27, § 645A(c), as an intelligent and knowing failure by the

defendant himself to raise an issue, was only applicable to those rights which, under cases like *Johnson v. Zerbst, supra, Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), and similar holdings, could only be waived if there was a voluntary, knowing and intelligent relinquishment of the right by the defendant himself. We held that the waiver of other rights, which ordinarily do not require such knowing and voluntary action for a waiver to be effective, was not governed by the definition of waiver in the Post Conviction Procedure Act."

The Court in *Williams,* 292 Md. at 216, 438 A.2d at 1308, reiterated "that a defendant was in most situations bound by the tactical decisions, actions or inactions of his attorney...." Later, the *Williams* opinion explained (292 Md. at 218, 438 A.2d at 1309):

"Today, with the complexity of many criminal trials and the absolute right of counsel if there is a danger of incarceration, our system proceeds upon the assumption that it is primarily counsel's function to assert or waive most 'rights' of the defendant. Unless a defendant speaks out, normally he must be bound by the trial decisions, actions and inactions of counsel. Otherwise, the system simply would not work. *Estelle v. Williams,* 425 U.S. 501, 512, 96 S.Ct. 1691 [1696–97] 48 L.Ed.2d 126 (1976); *Curtis v. State, supra,* 284 Md. at 145–149 [395 A.2d 464]."

Very recently, in *Oken v. State, supra,* 343 Md. at 270–271, 681 A.2d at 37, Judge Raker for the Court emphasized that the Maryland Post Conviction Procedure Act "does not require application of the 'intelligently and knowingly' standard of waiver to every ... right," and that,

"[i]n *Curtis,* we recognized the potential for chaos if every time counsel made a tactical decision or a procedural default the 'intelligently and knowingly' waiver standard was triggered."

Turning to the present case, we are aware of no decision by the Supreme Court or this Court holding that waiver of an issue over the accuracy of a jury instruction

concerning the elements of an offense requires intelligent and knowing action by the defendant himself. On the contrary, Maryland Rule 4–325(e), as well as a multitude of cases in this Court, make it clear that the failure to object to a jury instruction ordinarily constitutes a waiver of any later claim that the instruction was erroneous. *See, e.g., Bowman v. State,* 337 Md. 65, 67, 650 A.2d 954, 955 (1994) ("review of a jury instruction will not ordinarily be permitted unless the appellant has objected seasonably so as to allow the trial judge an opportunity to correct the deficiency before the jury retires to deliberate"); *Ayers v. State,* 335 Md. 602, 627–628, 645 A.2d 22, 34 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995) ("a party who fails to object to a jury instruction at trial may not later raise the issue"); *Baker v. State,* 332 Md. 542, 563, 632 A.2d 783, 793 (1993), *cert. denied,* 511 U.S. 1078, 114 S.Ct. 1664, 128 L.Ed.2d 380 (1994); *Collins v. State,* 318 Md. 269, 284, 568 A.2d 1, 8, *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3296, 111 L.Ed.2d 805 (1990) ("Counsel's failure to except to the reinstruction is indicative of an acceptance.... Under these circumstances, defense counsel has failed to preserve the challenge to the court's instructions"); *Johnson v. State,* 310 Md. 681, 685–689, 531 A.2d 675, 677–679 (1987).

Furthermore, we have consistently held that the failure to object to or otherwise challenge a jury instruction constitutes a waiver of the issue for purposes of the Maryland Post Conviction Procedure Act. Thus, in *Davis v. State, supra,* 285 Md. 19, 400 A.2d 406, this Court addressed the question of whether the intelligent and knowing waiver standard of § 645A(c) was applicable when the defendant, in a post conviction proceeding, sought relief based on a concededly erroneous jury instruction requiring that the defendant "conclusively" prove his alibi. Although the defendant-petitioner asserted that this erroneous instruction relieved the prosecution of its burden of proving criminal agency beyond a reasonable doubt, neither the defendant nor his attorney had challenged the instruction at trial, on direct appeal or in an earlier post conviction proceeding. After reviewing the opinion in *Curtis*

*v. State, supra,* Judge Orth for the Court stated in *Davis,* 285 Md. at 33–34, 400 A.2d at 413:

> "It is patent from our comprehensive discussion in *Curtis* leading to [the] determination of legislative intent, 284 Md. at 141–150 [395 A.2d 464], that the waiver concept of *Johnson v. Zerbst* and *Fay v. Noia* is not applicable to the advisory jury instruction here.
>
> \*     \*     \*     \*     \*     \*
>
> "The jury instruction here falls within the category of those matters which are capable of being waived other than by the 'intelligent and knowing' standard."

After pointing out that our view was in accord with decisions from other jurisdictions, the Court in *Davis* concluded 285 Md. at 35, 400 A.2d at 413–414:

> "The short of it is that we found in *Curtis* on the authorities therein referred to, that 'it [was] clear that a "procedural default" in certain circumstances, even where a defendant may personally have been without knowledge or understanding of the matter, may result in his being precluded from asserting important rights.... A defendant may forego a broad spectrum of rights which are deemed to fall within the category of tactical decisions by counsel or involve procedural defaults.' 284 Md. at 147 [395 A.2d 464]. The right to a correct jury instruction in the circumstances of the instant case falls within the category involving procedural defaults. Thus, the waiver concept of *Johnson v. Zerbst* and *Fay v. Noia* was not applicable, and, therefore, the provisions of subsection (c) were not applicable. The answer to [the] question ... is that a new trial was not required under the provisions of § 645A(c) of the Act."

Our subsequent decisions are entirely in accord. *See, e.g., Trimble v. State, supra,* 321 Md. at 257, 582 A.2d at 798 ("The [jury instruction] issue is not, at any rate, a proper subject for review in this [post conviction] proceeding because the issue of the instruction was not raised [previously] and was waived"); *State v. Tichnell, supra,* 306 Md. at 465–466, 509 A.2d at 1198 (The circuit court "held that because there was no objection to

the instruction, the issue was waived and thus not properly before the post conviction court. . . . [W]e agree"). *See also* the discussion in *Foster, Evans and Huffington v. State, supra,* 305 Md. at 314–316, 503 A.2d at 1331 ("Even where the penalty in a case is as awesome as death, there must at some point be an end to litigation. Therefore, we hold that the present complaints concerning the jury instructions have been waived by the failure to raise them [previously]").

Consequently, the circuit court erred in holding that the failure of Walker's attorneys to object to the jury instruction or subsequently to challenge the instruction is not attributable to Walker. There was a waiver of the jury instruction issue.

## B.

As previously discussed, the circuit court alternatively held that, if there was a waiver, it should be excused under the circumstances. The circuit court in its first opinion referred to the "standards of [the] 'plain error' " doctrine which is embodied in Rules 4–325(e) and 8–131(a), and which were applied by this Court in *Franklin v. State, supra,* 319 Md. at 120, 571 A.2d at 1210. The circuit court in its second opinion, after the remand by the Court of Special Appeals, referred to the language of the Post Conviction Procedure Act's § 645A(c), authorizing a waiver to "be excused because of special circumstances."

 Rules 4–325(e) and 8–131(a), authorizing a court to take cognizance of "plain error" despite the waiver of an issue, literally apply only to direct appellate review of a judgment. Moreover, the similar "special circumstances" doctrine set forth in § 645A(c)(1), authorizing a court in a post conviction action to excuse a waiver, is applicable only to situations encompassed by § 645A(c), *i.e.,* situations requiring intelligent and knowing action before there is a waiver.

 Nevertheless, as the circuit court recognized in the present case, this Court has taken the position that a court, in a post conviction proceeding, can excuse a waiver based upon

an earlier procedural default if the circumstances warrant such action. In effect, we have upheld the application of the "plain error" or "special circumstances" principles to waivers of the type here involved.

For example, very recently in *Oken v. State, supra*, 343 Md. at 272–274, 681 A.2d at 38, which was an action under the Post Conviction Procedure Act, the defendant-petitioner challenged his conviction on the ground, *inter alia*, that the trial court's voir dire had been inadequate. After reviewing the nature of this issue and the opinion in *Curtis v. State, supra*, we determined that the voir dire issue "may be relinquished by failure to raise the claim on direct appeal and is not controlled by the 'intelligent and knowing' waiver standard of *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), thus falling outside Art. 27, § 645A(c)." *Oken v. State, supra*, 343 Md. at 271–272, 681 A.2d at 37. The Court then held that "Oken's failure to raise this claim on direct appeal constituted waiver." 343 Md. at 272, 681 A.2d at 38. We went on, however, to recognize that "this Court retains discretion to excuse [the] waiver." 343 Md. at 273, 681 A.2d at 38. After further reviewing the matter, we found "no circumstances excusing the failure to raise this issue on direct appeal." 343 Md. at 274, 681 A.2d at 38. *See also Foster, Evans and Huffington v. State, supra*, 305 Md. at 315–316, 503 A.2d at 1331.

As discussed in Part I of this opinion, this Court in *Franklin v. State, supra*, 319 Md. at 120, 571 A.2d at 1210, upon direct appeal, held that the failure to object to an erroneous jury instruction, which was essentially the same as the instruction given at Walker's trial, should be excused because of the pre-*Jenkins* misconception by a large segment of the bench and the bar concerning the intent element of assault with intent to murder. The circuit court in the present case held that this same misconception should excuse the failure to object at Walker's trial.

We assume that, if the circumstances in the present case were similar to those in *Franklin*, the circuit court's decision

excusing Walker's waiver of the jury instruction issue would have been warranted. The circumstances in the two cases, however, were not at all comparable.

In the *Franklin* case, the uncontradicted evidence showed that the defendant, over several hours, repeatedly had beaten his former girlfriend with his fists and had kicked her. The record and briefs in this Court disclose that the identity of the assailant was not an issue at the trial. Instead, Franklin's defense related entirely to his intent when he inflicted the beatings.[3] As pointed out in this Court's opinion in *Franklin*, 319 Md. at 119, 571 A.2d at 1209,

> "[a]fter deliberating for an hour and a half, the jury asked the trial court to explain 'what specifically constitutes intent to murder.' The court repeated its instructions including the statement that 'a specific intent to murder is not a necessary element for the conviction of assault with intent to murder. It is sufficient if there was an intention to commit grievous bodily harm.' There was no objection. Based on these instructions, the jury convicted Franklin. . . ."

We initially pointed out in the *Franklin* opinion that we could take cognizance of plain error in a jury instruction, which was not objected to, only "where the error is material and affects the right of the defendant to a fair trial." 319 Md. at 120, 571 A.2d at 1210. Since Franklin's defense centered on the nature of his intent when he assaulted and battered the victim, and because the jury experienced difficulty with the intent element of assault with intent to murder, we concluded in *Franklin* that the erroneous instruction "affect[ed] materially Franklin's right to a fair and impartial trial." 319 Md. at 126, 571 A.2d at 1213.

In the *Walker* case, the victim was in a crowded bar and was shot with a gun. The record discloses that Walker's defense was that the State "had the wrong man." This was

---

**3.** In addition to the facts set forth in this Court's *Franklin* opinion, see the Briefs and Record Extract filed in this Court in No. 180, September Term, 1987.

the theme of his attorney's opening statement and closing argument. It was the substance of the testimony of the witnesses called on Walker's behalf. The cross-examination of the State's witnesses was directed to the identity of the shooter. The only time Walker's counsel suggested an alternative defense was when he requested a self-defense instruction, and the trial court declined to give the instruction because there was no evidence generating the issue. At no time during Walker's trial was any issue raised concerning the nature of the shooter's intent. It was never suggested to the court or the jury that the shooter's intent may have been something less than an intent to murder.

In sum, the circumstances of the *Franklin* case are totally different from the circumstances involved here. In *Franklin*, the nature of the defendant's intent was the disputed issue. In the present case, intent was simply not an issue at all. Thus, the error in the jury instruction concerning intent clearly did not deprive Walker of a fair trial. The circuit court's holding to the contrary was erroneous.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.*