691 A.2d 1314

STATE of Maryland

v.

David Edward ROSE.

No. 80, Sept.Term, 1995.

Court of Appeals of Maryland.

April 8, 1997.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for Petitioner.

Daniel H. Ginsburg (Mary Ann Berlin, on brief), Baltimore, for Respondent.

Argued before MURPHY,* C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

ELDRIDGE, Judge.

This case requires us once again to consider the waiver provision of the Maryland Post Conviction Procedure Act, Maryland Code (1957, 1992 Repl.Vol.), Article 27, § 645A(c). The issue is whether an argument concerning the validity of a reasonable doubt jury instruction, when the instruction was not objected to and the argument was not made at a prior opportunity, has been waived.

## I.

In April 1982, following a jury trial in the Circuit Court for Anne Arundel County, the defendant-respondent, David Edward Rose, was convicted of the first degree murder of

---

* Murphy, C.J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and the adoption of this opinion.

Virginia Pollard and sentenced to life imprisonment. At Rose's trial, the court gave the following jury instruction concerning the "reasonable doubt" standard (emphasis added):

"You may hear the phrase 'beyond a reasonable doubt.' I may use it. Counsel may use it. But you have to understand what we mean by 'beyond a reasonable doubt.' 'Beyond' generally means more than or further than.

"You use the phrase 'the ship is beyond the horizon.' You mean that it is further than the horizon. Or if I try to put a gallon of water in this cup, it's beyond the capacity of the cup, meaning that it is more than the capacity of the cup.

"That's the dictionary definition of the preposition 'beyond.' *Now when we say that the State has to prove something beyond a reasonable doubt, it doesn't mean that the State has to prove it more than a reasonable doubt or further than a reasonable doubt.*.

"*That's an improper interpretation [of the] phrase. The State has to prove it to the exclusion of a reasonable doubt.* And they have to do this with each and every element of the offense for which the defendant is charged so that you're convinced that the defendant is guilty of the offense to the exclusion of a reasonable doubt and to a moral certainty."

Rose's attorney made no objection to this instruction.

Thereafter, Rose timely appealed to the Court of Special Appeals, which affirmed his conviction and sentence in an unreported opinion. Although he made several allegations of error, Rose did not challenge the accuracy of the reasonable doubt instruction given at his trial.[1] A petition for a writ of certiorari filed by Rose in this Court was denied. As in his

---

1. Rose raised the following issues in his direct appeal to the Court of Special Appeals: (1) whether his motions for a directed verdict on the issue of insanity at the conclusion of the State's case-in-chief and for judgment of acquittal at the close of trial were erroneously denied by the trial court; (2) whether the trial court abused its discretion in allowing the testimony of a rebuttal witness; (3) whether his motion to suppress certain evidence was erroneously denied; and (4) whether the trial court erroneously permitted a lay person to testify as to his sobriety.

direct appeal to the intermediate appellate court, Rose failed to raise any issue concerning the reasonable doubt instruction.

In October 1985, Rose filed his first petition for post conviction review in accordance with the provisions of the Maryland Post Conviction Procedure Act, alleging as his sole ground for relief that he was denied the effective assistance of counsel at his trial. The petition was denied by the Circuit Court for Anne Arundel County, and the Court of Special Appeals denied Rose's application for leave to appeal that decision.

The instant post conviction petition, and Rose's second, was filed in January 1994 in the Circuit Court for Anne Arundel County. In it, Rose alleged for the first time that the reasonable doubt instruction given at his trial was constitutionally deficient, depriving him of his constitutional right not to be convicted by less than proof "beyond a reasonable doubt." In addition, he argued that a valid waiver of his complaint concerning the reasonable doubt instruction required his "intelligent and knowing" relinquishment of the right, and could not be based on his or his attorney's silence or failure to raise the issue previously.

The State, on the other hand, contended that the right to an accurate reasonable doubt jury instruction does not require an "intelligent and knowing" waiver by the defendant personally. The State argued that the requirements for waiver of a reasonable doubt jury instruction are the same as those for waiver of any other jury instruction in a criminal case, and that Rose's failure to object to the instruction at trial, or raise the issue on direct appeal, or raise it in his first post conviction petition, constituted a waiver of the issue.

Following a hearing, the circuit court issued an opinion and an order denying post conviction relief. The court found that "the issue raised in this petition [was] not raised at the trial, on appeal, at the prior post conviction hearing or any prior proceeding." Therefore, the court concluded that Rose's allegation had been waived.

Rose then filed an application for leave to appeal the circuit court's decision. The Court of Special Appeals, in an unre-

ported opinion, granted the application and reversed the judgment of the circuit court. The intermediate appellate court held that the reasonable doubt instruction given at Rose's trial was constitutionally deficient, and that, "[b]y instructing the jury that the term 'beyond' had no meaning, the trial judge placed a lesser burden of proof upon the State than the law requires."

The Court of Special Appeals then addressed the State's argument that Rose had waived his complaint concerning the instruction's constitutionality by failing to object to the instruction at trial or raise the issue at an earlier opportunity. The court recognized that different standards for waiver exist in the post conviction context, namely the classic *Johnson v. Zerbst*[2] standard of an "intelligent and knowing" waiver and the standard of waiver by inaction, tactical decision or procedural default. The Court of Special Appeals framed the issue as "[w]hether the right to ... a correct reasonable doubt instruction ... involves a fundamental ... or a non-fundamental right," noting that this Court has held that the right to a correct reasonable doubt instruction "is constitutionally mandated by the due process clause of the Fourteenth Amendment ... and is an indispensable component of every criminal proceeding." *Wills v. State*, 329 Md. 370, 375, 620 A.2d 295, 297 (1993), quoting *In re Winship*, 397 U.S. 358, 361–364, 90 S.Ct. 1068, 1071–1073, 25 L.Ed.2d 368 (1970). The appellate court reasoned that, because this important right was derived from the Constitution, it was a "fundamental" right and that "intelligent and knowing" action by the defendant was required for a waiver to occur. Because the circuit court had applied the standard of waiver by inaction, rather than the "intelligent and knowing" standard, the intermediate appellate court vacated the judgment and remanded the case for reconsideration by the circuit court under the intelligent and knowing standard for waiver.

---

2. 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

The State then filed in this Court a petition for a writ of certiorari which we granted. In the petition, the State asserted that the Court of Special Appeals had applied an erroneous standard for waiver in holding that Rose had not waived his complaint concerning the reasonable doubt jury instruction. The State, however, did not challenge the intermediate appellate court's determination that the instruction violated constitutional requirements. Therefore, that issue is not before us. *See* Maryland Rule 8–131(b)(1).

## II.

The principal subsection of the Maryland Post Conviction Procedure Act relating to waiver, Art. 27, § 645A(c), states as follows:

"(c) *When allegation of error deemed to have been waived.*—(1) For the purposes of this subtitle, an allegation of error shall be deemed to be waived when a petitioner could have made, but intelligently and knowingly failed to make, such allegation before trial, at trial, on direct appeal (whether or not the petitioner actually took such an appeal), in an application for leave to appeal a con viction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, unless the failure to make such allegation shall be excused because of special circumstances. The burden of proving the existence of such special circumstances shall be upon the petitioner.

"(2) When an allegation of error could have been made by a petitioner before trial, at trial, on direct appeal (whether or not said petitioner actually took such an appeal), in an application for leave to appeal a conviction based on a guilty plea, in any habeas corpus or coram nobis proceeding actually instituted by said petitioner, in a prior petition under this subtitle, or in any other proceeding actually instituted by said petitioner, but was not in fact so made, there shall be a rebuttable presumption that said petitioner intelligently and knowingly failed to make such allegation."

This Court reviewed § 645A, and particularly subsection (c), in *Curtis v. State,* 284 Md. 132, 395 A.2d 464 (1978). In *Curtis,* after examining the language, history and purpose of § 645A, and several prior cases in this Court interpreting the statute, we held as follows (284 Md. at 149–150, 395 A.2d at 474):

> "[T]he Legislature, when it spoke of 'waiver' in subsection (c) of Art. 27, § 645A, was using the term in a narrow sense. It intended that subsection (c), with its 'intelligent and knowing' standard, be applicable only in those circumstances where the waiver concept of *Johnson v. Zerbst* and *Fay v. Noia* [372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) ] was applicable. Other situations are beyond the scope of subsection (c), to be governed by case law or any pertinent statutes or rules. Tactical decisions, when made by an authorized competent attorney, as well as legitimate procedural requirements, will normally bind a criminal defendant."

This interpretation of Art. 27, § 645(c), has been reaffirmed on numerous occasions. *See, e.g., Hunt v. State,* 345 Md. 122, 691 A.2d 1255 (1997); *Walker v. State,* 343 Md. 629, 642–643, 684 A.2d 429, 435–436 (1996); *Oken v. State,* 343 Md. 256, 270–272, 681 A.2d 30, 37–39 (1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 742, 136 L.Ed.2d 681 (1997); *McElroy v. State,* 329 Md. 136, 140–142, 147–149, 617 A.2d 1068, 1070–1071, 1073–1075 (1993); *Trimble v. State,* 321 Md. 248, 259, 582 A.2d 794, 799 (1990); *State v. Romulus,* 315 Md. 526, 539–540, 555 A.2d 494, 500 (1989); *Martinez v. State,* 309 Md. 124, 141, 522 A.2d 950, 958–959 (1987); *State v. Calhoun,* 306 Md. 692, 702–704, 511 A.2d 461, 465–467 (1986), *cert. denied,* 480 U.S. 910, 107 S.Ct. 1339, 94 L.Ed.2d 528 (1987).

Most recently, in *Hunt v. State, supra,* 345 Md. at 138, 691 A.2d at 1262, Judge Karwacki for the Court summarized our holding in *Curtis,* stating:

"[T]he nature of the right involved will determine whether the decision is governed by Art. 27, § 645A(c), or pertinent case law, statutes, or rules. On the one hand, if a defendant's claim

[encompasses] that narrow band of rights that courts have traditionally required an individual knowingly and intelligently relinquish or abandon in order to waive the right or claim . . . , the failure to do so knowingly and intelligently will not preclude raising the matter on post-conviction review. Courts, however, do not apply the same standard of waiver to 'the vast array of trial decisions, strategic and tactical, which must be made before and during trial.' " (citations omitted).

Just last year, in *Oken v. State, supra,* 343 Md. at 270–271, 681 A.2d at 37, Judge Raker for the Court stressed that the Post Conviction Procedure Act "does not require application of the 'intelligently and knowingly' standard of waiver to every . . . right," and that, "[i]n *Curtis,* we recognized the potential for chaos if every time counsel made a tactical decision or a procedural default the 'intelligently and knowingly' waiver standard was triggered."

Rose concedes that neither he nor his attorney made any objection to the instruction or raised the issue of the jury instruction's validity prior to the filing of his second petition for post conviction relief. Rose contends, however, that the right to a correct reasonable doubt jury instruction, a concept embodied in the due process clauses of the federal and state constitutions, is "among those rights . . . intended to preserve the fairness of a criminal trial and . . . enhance the reliability of its truth determining function" and thus requires a *Johnson v. Zerbst*-type waiver. Consequently, according to Rose, the waiver provision of Art. 27, § 645A(c), is applicable in the present case, and his failure to object to or challenge the jury instruction cannot serve as a basis for a waiver. Instead, the argument continues, "intelligent and knowing" action by Rose was required before the matter may be deemed waived. We disagree.

The general rule is that the failure to object to a jury instruction at trial results in a waiver of any defects in the instruction, and normally precludes further review of any claim of error relating to the instruction. *See* Maryland Rule

4–325(e).[3]  *See also Walker v. State, supra,* 343 Md. at 645, 684 A.2d 429 ("the failure to object to a jury instruction ordinarily constitutes a waiver of any later claim that the instruction was erroneous"), and the cases there cited.

Moreover, we have consistently held that the failure to object or otherwise challenge an allegedly deficient jury instruction constitutes a waiver of the issue for purposes of the Maryland Post Conviction Procedure Act.  In *Davis v. State,* 285 Md. 19, 400 A.2d 406 (1979), we addressed whether the intelligent and knowing waiver standard of § 645A(c) was applicable, in a post conviction proceeding, to a concededly erroneous jury instruction requiring a defendant to "conclusively" establish his alibi.  Although the defendant argued that the incorrect instruction relieved the prosecution of its burden of proving criminal agency beyond a reasonable doubt, neither the defendant nor his attorney had objected to the instruction at trial, or challenged it on direct appeal or in an earlier post conviction proceeding.  After reviewing the principles set forth in *Curtis v. State, supra,* Judge Orth for the Court stated in *Davis,* 285 Md. at 33–35, 400 A.2d at 413–414:

> "It is patent from our comprehensive discussion in *Curtis* leading to [the] determination of legislative intent, 284 Md. at 141–150 [395 A.2d 464], that the waiver concept of *Johnson v. Zerbst* . . . is not applicable to the advisory jury instruction here.
>
> \*      \*      \*      \*      \*      \*
>
> "The short of it is that we found in *Curtis* . . . that 'it [was] clear that a "procedural default" in certain circumstances, even where a defendant may personally have been without knowledge or understanding of the matter, may result in his being precluded from asserting important rights. . . .  A defendant may forego a broad spectrum of rights which are

---

**3.**  Maryland Rule 4–325(e) states, in pertinent part:

> "**(e) Objection.**—No party may assign as error the giving or the failure to give an instruction unless the party objects on the record promptly after the court instructs the jury, stating distinctly the matter to which the party objects and the grounds of the objection."

deemed to fall within the category of tactical decisions by counsel or involve procedural defaults.' 284 Md. at 147 [395 A.2d 464]. The right to a correct jury instruction in the circumstances of the instant case falls within the category involving procedural defaults. Thus, the waiver concept of *Johnson v. Zerbst* ... was not applicable, and, therefore, the provisions of subsection (c) were not applicable."

Most recently, in *Walker v. State, supra,* we addressed whether a defendant had waived his allegations of error pertaining to a jury instruction explaining the intent element of the statutory crime of assault with intent to murder. There, as in the present case, the defendant failed to object to the jury instruction at trial, and also failed to raise the issue on direct appeal or in two later petitions for post conviction relief. This Court concluded that the instructional error asserted by Walker did not require an "intelligent and knowing" waiver and had been waived by the failure of either Walker or his attorney to object to the instruction at trial. In so concluding, we pointed out that "we have consistently held that the failure to object to or otherwise challenge a jury instruction constitutes a waiver of the issue for purposes of the Maryland Post Conviction Procedure Act." 343 Md. at 645–647, 684 A.2d at 437–438, and cases there cited.

Rose, however, strenuously argues that claims of error concerning defective reasonable doubt instructions, as opposed to other types of jury instructions, "plainly concern 'basic rights of a constitutional origin' ... intended to preserve the fairness of a criminal trial and to enhance the reliability of the truth determining function" to which the *Johnson v. Zerbst* "intelligent and knowing" waiver standard has been historically applied. Thus, in his view, deficient reasonable doubt instructions constitute "errors of constitutional magnitude," and require an intelligent and knowing waiver by the defendant.

Nevertheless, most rights applicable in criminal trials are important to ensure the fairness of the criminal trial. Moreover, our decision in *Curtis v. State, supra,* clearly recognized

that an intelligent and knowing relinquishment of a right is not required for a waiver of that right to occur simply because the right is of constitutional origin. There, we listed and discussed in detail several constitutional rights that could be waived by the tactical decisions of counsel or by procedural default. *Curtis v. State, supra,* 284 Md. at 145–147, 395 A.2d at 471–473.[4]

Our cases make it clear that, simply because an asserted right is derived from the Constitution of the United States or the Constitution of Maryland, or is regarded as a "fundamental" right, does not necessarily make the "intelligent and knowing" standard of waiver applicable. Rather, most rights, whether constitutional, statutory or common-law, may be waived by inaction or failure to adhere to legitimate procedural requirements. For example, in *Davis v. State, supra,* the defendant alleged that the alibi jury instruction given at his criminal trial improperly allocated the burden of proof and thus violated constitutional due process requirements. Nevertheless, this Court refused to apply the "intelligent and knowing" standard for waiver, and held that the defendant's allegation had been waived by the failure to object to the instruction at trial or raise the issue on direct appeal. *Davis v. State, supra,* 285 Md. at 33–35, 400 A.2d at 413–414. We have similarly refused to apply the "intelligent and knowing" standard to other constitutional or "fundamental" rights. *See, e.g., Oken v. State, supra,* 343 Md. at 271–272, 681 A.2d at 37–38 (holding that the right to *voir dire* prospective jurors in a capital case to identify jurors who harbor convictions in support of the death penalty may be relinquished by the failure to raise the issue on direct appeal); *Trimble v. State, supra,* 321

4. *See, e.g., Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976) (defendant's failure to raise issue of grand jury's racial composition constituted procedural default resulting in waiver by inaction); *Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (constitutional right not to be tried in prison clothes may be waived by defendant's failure to object or otherwise raise the issue); *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (voluntary consent to search waives Fourth Amendment right against unreasonable searches and seizures).

Md. at 257–259, 582 A.2d at 799 (failure to object to jurors "who did not seem impartial"); *Foster, Evans and Huffington v. State, supra,* 305 Md. 306, 314–316, 503 A.2d 1326, 1331 (1986) (finding a waiver of alleged error pertaining to jury instructions explaining the burden of proof in capital sentencing proceedings). We are not aware of any decision by the United States Supreme Court or this Court holding that an issue involving the validity of a reasonable doubt instruction, not objected to at trial or raised on direct appeal, may nevertheless be raised for the first time in a post conviction proceeding unless there was an intelligent and knowing waiver by the defendant personally.

There are also significant practical considerations that militate strongly against the application of the "intelligent and knowing" waiver standard to defects in jury instructions, including those involving the concept of reasonable doubt. An attorney may have valid, tactical reasons for not interposing an objection to an inaccurate reasonable doubt jury instruction. Nevertheless, in Rose's and the Court of Special Appeals' view, there could be no waiver unless, at the jury instruction stage of the criminal trial, the proceedings were interrupted, the jury excused, and the defendant subjected to a litany of questions designed to inform the defendant of the right to an accurate reasonable doubt instruction and to ascertain whether the defendant wished to object to the instruction offered at trial or to waive any objection concerning the instruction. In *Curtis,* 284 Md. at 149, 395 A.2d at 474, we stated:

> "If, in defining 'waiver' for purposes of the Post Conviction Procedure Act, the General Assembly intended to make subsection (c), with its "intelligent and knowing" definition, applicable every time counsel made a tactical decision or a procedural default occurred, the result could be chaotic. For example, under such an interpretation ... for a criminal defendant to be bound by his lawyer's actions, the lawyer would have to interrupt a trial repeatedly and go through countless litanies with his client."

Similarly, in *Williams v. State, supra*, 292 Md. at 218, 438 A.2d at 1309, we observed:

"Today, with the complexity of many criminal trials and the absolute right of counsel if there is a danger of incarceration, our system proceeds upon the assumption that it is primarily counsel's function to assert or waive most 'rights' of the defendant. Unless a defendant speaks out, normally he must be bound by the trial decisions, actions and inactions of counsel. Otherwise, the system simply would not work."

It is clear that the accused's attorney must determine whether to object to most incidents that occur during the course of a criminal trial, including the instructions to the jury.

Moreover, the position advocated by Rose and the Court of Special Appeals would allow defense attorneys to remain silent in the face of the most egregious and obvious instructional errors at trial. Any resulting conviction would always be vulnerable to challenge because of the absence of an "intelligent and knowing" waiver by the defendant himself.

Consequently, the Court of Special Appeals erred in holding that the "intelligent and knowing" waiver standard is applicable to alleged deficiencies in reasonable doubt jury instructions. Allegations of this type may be effectively waived by the failure of the defendant or his attorney to object at trial or their failure to raise the issue on direct appeal. There was a waiver of the jury instruction issue in this case.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY. RESPONDENT TO PAY COSTS.*